Nov. Term,
1859.

LINDLEY
v.
DAKIN.

*Per Curiam.*—The judgment is affirmed with 5 per cent. damages and costs.

*J. S. Reid*, for the appellants.

*S. W. Parker* and *J. C. McIntosh*, for the appellees.

---

## LINDLEY *v.* DAKIN.

Where there was no motion below for a taxation of costs, it was *held*, that the Court not having been asked to make a ruling on the subject, there was nothing to complain of on appeal.

Where the record stated that it contained "all the testimony," it was *held*, that it could not be deemed to contain all the evidence.

Attornment is the acknowledgement by a tenant of a new landlord, on the alienation of land, and an agreement to become tenant of the purchaser.

Occupancy by a tenant, of property sold, where the fact and the title of the tenant are known at the time to the purchaser, is not a breach of the covenant of right of possession; and if no special contract is made, the occupant becomes tenant to the purchaser, and the possession of the tenant is the possession of the landlord.

But as the possession of real estate, within a certain statutory period, may be the subject-matter of a valid parol contract, it would *seem*, if such a contract was made between the purchaser and the seller, that a suit in relation to such possession, would necessarily have to rest upon a breach of the parol contract, and not upon the, covenants of the deed.

Monday,
December 12.

APPEAL from the *Morgan* Circuit Court.

PERKINS, J.—Suit upon the covenants in a deed conveying real estate. Final judgment for the defendant.

It is urged, as one ground for the reversal of the judgment, that it wrongly embraces costs. But no motion for

a taxation of costs was made below; the Court was not asked to make a ruling upon the subject, and there is, consequently, none to be complained of here.

Again, it is said the judgment is wrong upon the evidence. But the record does not purport to bring the evidence in the cause before this Court. It states that all the testimony is embodied in it. Testimony is not synonymous with evidence. It is but a species, a class, or kind of evidence. Testimony is the evidence given by witnesses. Evidence is whatever may be given to the jury as tending to prove a case. It includes the testimony of witnesses, documents, admissions of parties, &c.

The defendant answered to the breach of covenant as to possession, that at the time he sold the property to the plaintiff, it was in the possession of other persons; that the purchaser knew the fact at the time of his purchase, and the extent of their rights of possession; and that an agreement was made between the parties, that the seller was to give possession at a future time, when the then possessors could be removed.

The Court overruled a demurrer to this answer.

Pending the cause, the then possessors vacated the property, so that the possession came to the plaintiff. This fact was answered, *puis darien continuance*, and the answer held valid.

The revised code contains this provision:

"Sec. 7. A conveyance of real estate, or of any interest therein, by a landlord, shall be valid without the attornment of the tenant. But the payment of rent by the tenant to the grantor, at any time before notice of sale, given to said tenant, shall be good against the grantee." 2 R. S. p. 243.

Attornment is the acknowledgement by a tenant of a new landlord, on the alienation of land, and an agreement to become tenant to the purchaser. Whart. Law Dic. 66. —1 Bouv. Law Dic. 151.

It thus appears that occupancy, by a tenant, of property sold, where the fact, and the title of the tenant are known at the time to the purchaser, is not a breach of the covenant of

right of possession; and that, if no special contract is made, the occupant becomes tenant to the purchaser. The possession of the tenant is the possession of the landlord. But as the possession of real estate, within a certain statutory period, may be the subject-matter of a valid parol contract, it would seem, if such a contract was made between the purchaser and seller, that a suit, in relation to such possession, would necessarily have to rest upon a breach of such parol contract, and not upon the covenants of the deed. See *Gibson* v. *Eller*, at this term (1).

This shows that the answers in this case were good, and that the suit was erroneously brought upon the deed. The decision below was undoubtedly right on the merits of the case, and the judgment must be affirmed.

*Per Curiam.*—The judgment is affirmed with costs.

*W. R. Harrison, J. W. Gordon,* and *A. H. Conner,* for the appellant.

*D. M'Donald* and *A. G. Porter.* for the appellee.

(1) *Ante,* 124.