## PAGE v. LASHLEY.

It is the general rule that the covenants in a deed can not be controlled, in their legal effect, by evidence of cotemporaneous parol agreements; but an independent parol agreement, disconnected with the written contract,

may, in some cases, be made cotemporaneously with, and in all cases after, the written contract.

Where land is conveyed with full covenants, but is, at the time, in possession of a tenant, a parol agreement to accept the deed, and the tenant's possession as the possession of the purchaser, is valid; and such an agreement will be inferred, nothing appearing to the contrary, where the purchaser has full knowledge of the tenancy, and the rights of the tenant.

In such cases, the vendor is entitled to all rent past due at the time of sale, and the vendee to all that falls due afterward.

APPEAL from the *Randolph* Common Pleas.

PERKINS, J.—Suit upon a note. The note was given for the purchase money of a tract of land. The land was conveyed on *September* 3, by a warranty deed. It was, at the time, under lease for one year, which did not expire till *March* 1, next ensuing. The rent, for the year, was an entire sum of $120. Before buying, the purchaser went to the lessee, who was in possession, and ascertained the character and duration of his lease, and was fully advised of the same when he purchased and took his deed.

*Lashley*, the seller of the land, collected the rent for the whole year from the tenant, who occupied for the period of his lease. *Page*, the buyer, claimed to set-off, and to recoup the amount, $120, in this suit against him, upon the note for the purchase money. The Court allowed about $50 of that sum.

It is the general rule of law, that the covenants in a deed can not be controlled, in their legal effect, by evidence of cotemporaneous parol agreements. This rule was applied in *Chapman* v. *Long*, 10 Ind. 465, where it was held, that a parol reservation, at the time of the sale of the land, of the growing crops, by the seller, could not legally be proved.

But an independent parol agreement, or branch of one, disconnected with that embodied in the written, may, in some cases, be made cotemporaneously with the written, and in all cases after it, and be enforced. 2 Phillipp's Ev. 696, note, 507; 1 Greenleaf, § 284, *a*. Thus, it has been held, that where a deed is made with covenants against encumbrances, it may be proved that, at the time, or afterward, the purchaser agreed, by parol, to assume and pay an encumbrance, as a part of the purchase money. *Allen* v. *Lee*, 1 Ind. 58,

as explained in *Medler* v. *Hiatt*, 8 *id.* 171. See, also, *Gibson* v. *Eller*, 13 Ind. 124; *Wainscott* v. *Silvers*, *id.* 497. So, it has been held, that where land is conveyed with full covenants, but the land is, at the time, in possession of a tenant, a parol agreement may be valid to accept the deed, and the tenant's possession, as the possession of the purchaser. This is because the law allows the assignment of a tenant without an attornment by him. *Lindley* v. *Dakin*, 13 Ind. 388. And such an agreement will be inferred, nothing appearing to the contrary, where the purchaser, at the time he accepts the deed, has full knowledge of the tenancy and the rights of the tenant. *Ibid.* Parol evidence may, also, sometimes be given to rebut an equity. 1 Greenl. § 296.

This case, at bar, falls within *Lindley* v. *Dakin*, *supra*.

But what are the rights, in such cases, of the seller and purchaser, as to rents? The seller is entitled to all rents past due at the time of sale; the purchaser, to all that fall due afterward. Taylor's Land. and Ten. 293. This is the rule of law, where there is no different understanding entered into by the parties. Tested by this rule, it would seem that the defendant was entitled to all the rent for the year, in the judgment below.

*Per Curiam.* — The judgment is reversed, with costs. Cause remanded, &c.

*S. Colgrove*, for appellant.

*W. A. Peele* and *T. M. Brown*, for appellee.