Filed April 23, 1885.

---

No. 11,960.

KELLUM *v.* THE BERKSHIRE LIFE INSURANCE COMPANY.

LANDLORD AND TENANT.—*Conveyance by Landlord.—Attornment.*—Where at the time of the conveyance of real estate by ordinary warranty deed, the premises are in the actual occupancy of the vendor's tenant, the deed transfers the possession without attornment, in this State; the occupant becomes the vendee's tenant, and his mere continued occupancy does not constitute a breach of any covenant in the deed.

From the Marion Circuit Court.

*L. M. Campbell,* for appellant.

BEST, C.—The appellee conveyed, by warranty deed, a farm in Hendricks county in this State, to the appellant, and this action was brought for breach of one of the covenants of said deed.

The breach alleged was that a portion of the land, twenty-five acres, which was then sown in wheat, was in the possession of the appellee's tenant, who detained such possession for one year after the execution of such deed.

Issues were formed; a trial had; the facts specifically found; conclusions of law stated; a new trial refused, and judgment rendered for the appellee. These rulings are assigned as error.

The undisputed facts found are these, that the appellee, on the 28th day of October, 1881, by warranty deed, conveyed the land in question to the appellant; that at that time it was in the actual occupancy of tenants whose terms did not expire until the 1st day of March, 1882; that one of them, Byrd, had sown in wheat twenty-five acres of said land, and he retained possession of the same till the wheat was harvested; that three hundred and sixty bushels of wheat, worth seventy-five cents per bushel while standing, was taken from the land, and after it was threshed one-third of it was delivered to the appellant; that on the 1st day of March, 1882, all of said land except the twenty-five acres sown in wheat was leased by the appellant to Byrd, and after the wheat was harvested the appellant leased the residue of the land to Byrd; that Byrd leased said land on the 1st day of March, 1879, for one year, with the agreement that he was to sow wheat in the fall, and that if the appellee should sell the land thereafter and during the year, it was to pay Byrd for the wheat; that Byrd continued to hold said land from year to year thereafter upon the same terms, and was thus holding the land at the time of its conveyance; that the appellant visited the farm before its purchase, talked with Byrd and knew of the terms of his lease.

The breach alleged is the failure to deliver possession, and the facts found do not, as we think, constitute such breach. The actual occupancy of the vendor's tenants at the time of conveyance is deemed the possession of the vendor, and as the deed transfers such possession to the vendee, such occupancy does not constitute a breach of the covenants of the deed. Formerly, when land was thus occupied, a conveyance of the reversion, without an attornment of the tenant, was incomplete, but as the free transfer of land was deemed es-

sential to its proper enjoyment, this rule was set aside by the enactment of statutes which rendered such conveyances effectual without such attornment, and thereafter the assignees were clothed with all the rights and were subject to all the obligations of the assignors. Thereafter they stood toward the tenant the same as the vendor before the conveyance of the reversion. Taylor Landlord and Tenant, section 439.

Such a statute is in force in this State. R. S. 1881, section 5215.

By this section of the statute, the conveyance is valid without the attornment of the tenant, who thereafter becomes the tenant of the purchaser.

At the common law, after attornment, the occupancy of the tenant could not be deemed a breach of any covenant in the deed. The reason is obvious. The tenant was thereafter the tenant of the purchaser. In contemplation of law the tenant received his possession from such purchaser, and at the expiration of his term was bound to surrender it to him. The statute now accomplishes the same purpose; it transfers the possession. It enables the purchaser to collect the rent, to enforce all other obligations of the tenant, and compels him, at the expiration of his term, to yield the possession to the purchaser. It establishes the relation of landlord and tenant between the parties, and entitles the purchaser to all the remedies applicable to such relation. This being true, it must follow that the mere occupancy of the vendor's tenants can not operate as a breach of the covenants of the deed. This has been so ruled. In *Lindley* v. *Dakin*, 13 Ind. 388, it was held that the occupancy of a tenant, "where the fact, and the title of the tenant are known at the time to the purchaser, is not a breach of the covenant of right of possession; and that, if no special contract is made, the occupant becomes tenant to the purchaser." The same was held in *Page* v. *Lashley*, 15 Ind. 152.

As the mere occupancy of the land by the vendor's tenant was not a breach of the covenant for possession, the breach

of which was alone alleged, this action can not be maintained, though the wheat belonged to the tenant.

Had it been alleged as a breach of the covenant of seizin, that the tenant owned the growing wheat, a different question would have been presented. This would have required us to determine whether the tenant, after the sale, was entitled to anything under the terms of his lease other than compensation for his wheat, and if he was not, it is manifest that his detention of the land and his disposition of the wheat can not operate as a breach of any of the covenants contained in the deed. The case is the same as though the tenant had cut and carried away timber to which he was not entitled. Neither act would constitute a breach of the covenants of the deed. As the facts found did not establish the alleged breach, no error was committed in concluding that the appellant was not entitled to recover.

Where facts are found, they must support the cause of action declared upon, and unless they do, the defendant is entitled to judgment though the facts found show the existence of some other cause of action.

The motion for a new trial raises no question, however decided, that can possibly affect the conclusion reached, and, therefore, it need not be more particularly noticed.

This disposes of the only questions in the record, and as no error has intervened, the judgment should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby affirmed, at the appellant's costs.

