Filed April 5, 1894.

———————◆———————

No. 1,120.

WILLIAMS *v.* FRYBARGER ET AL.

PLEADING. — *Complaint.* — *Exhibit.* — *Deed.* — *Extraneous    Contract.*—
Where a complaint is not predicated on a breach of a covenant in a deed of conveyance, but is for a breach of an extraneous contract made by defendant to give immediate possession, no copy of the deed need be filed with, or incorporated in, the complaint.

CONVEYANCE.—*Deed.—Tenant.—Agreement to Give Possession.—Waiver.
—Damages.*—It is presumed, when the deed of conveyance contains no stipulation to the contrary, that the grantee accepts a tenant in possession as his own, and through such tenant is in possession; but where the grantor agrees to give the grantees immediate possession under and through an arrangement between himself and the tenant, whereby the tenant was to vacate, it can not be said that the grantees accepted the tenant as their own, and waived the right of possession; and the grantor is liable to the grantees for all sums necessarily expended by them in obtaining possession.

From the Madison Circuit Court.

*M. A. Chipman* and *F. A. Walker*, for appellant.
*F. L. Littleton* and *D. L. Bishopp*, for appellees.

Ross, J.—The appellees, who are husband and wife, sued the appellant, alleging, in substance, that they purchased of him certain real estate in Morgan county, Indiana, which was conveyed by appellant to the appellee, Hannah P. Frybarger, by warranty deed; that at the time of the purchase the real estate was in the possession of a tenant, but that the appellant, to induce the

appellee to make the purchase, represented that he had made an agreement with the tenant whereby he could give appellees immediate and peaceable possession; that these representations were false, that appellant had made no such agreement, and that he knew the representations were false; that appellees relied upon the representations that appellant would give them immediate possession, and purchased the property.

It is then alleged that they failed to get possession, and by reason thereof were put to great expense, etc.

The complaint is in two paragraphs, to each of which a demurrer was filed and overruled.

The appellant then filed an answer in two paragraphs, the first being a general denial, and the second, in substance, that at the time of the execution of the deed the appellees were well informed and knew that the real estate conveyed was in the possession of a tenant, and that the appellee Hannah P. Frybarger accepted the deed with the existing tenancy, and with the distinct understanding and agreement that they would themseves undertake getting possession, and released appellant from any and all covenants in his deed for possession thereunder.

To the second paragraph of answer, the appellees replied by general denial.

The cause was submitted to the court for trial, and a finding for the appellees in the sum of $230, a motion for a new trial filed by appellant and overruled by the court, and judgment rendered for appellees on the finding.

Three errors are assigned on this appeal, namely:

First. That the court erred in overruling the demurrer to the first paragraph of the complaint.

Second. That the court erred in overruling the demurrer to the second paragraph of the complaint.

Third. That the court erred in overruling the motion for a new trial.

The appellant insists that neither paragraph of the complaint is sufficient, for the reason that a copy of the deed, for a breach of the covenants of which a recovery is sought, is not filed with the complaint.

In actions based upon a written instrument, the rule is that it must either be filed as an exhibit to the complaint or made part of it by incorporation. *Campbell* v. *Routt, Admr.*, 42 Ind. 410; *Brown* v. *State, ex rel.*, 44 Ind. 222; *Overly* v. *Tipton, Admr.*, 68 Ind. 410; *Wadkins* v. *Hill*, 106 Ind. 543; *Old* v. *Mohler*, 122 Ind. 594.

If this complaint is to be construed as an action to recover for a breach of the covenants in the deed of conveyance, appellant's contention must prevail, because no copy of the deed is filed with, or incorporated in, the complaint.

Again, appellant insists that the facts alleged show that the appellee knew of the tenancy and the right of possession in the tenant, and, therefore, they purchased subject thereto. In support of this contention, the case of *Kellum* v. *Berkshire Life Ins. Co.*, 101 Ind. 455, is cited.

With the exception of the allegations in the complaint under consideration, that at the time of the purchase the appellant, to induce the appellees to make the purchase, represented that he had made an agreement with the tenant in possession, whereby appellant could give appellees immediate and peaceable possession; that these representations were false, and known by appellant to be false when he made them, but that appellees, relying upon the verity thereof, made the purchase, the facts in that case and this one are very similar.

In that case the court says: "At the common law, after attornment, the occupancy of the tenant could not

be deemed a breach of any covenant in the deed. The reason is obvious. The tenant was thereafter the tenant of the purchaser. In contemplation of law the tenant received his possession from such purchaser, and at the expiration of his term was bound to surrender it to him. The statute now accomplishes the same purpose; it transfers the possession. It enables the purchaser to collect the rent, to enforce all other obligations of the tenant, and compels him, at the expiration of his term, to yield the possession to the purchaser. It establishes the relation of landlord and tenant between the parties, and entitles the purchaser to all the remedies applicable to such relation. This being true, it must follow that the mere occupancy of the vendor's tenants can not operate as a breach of the covenants of the deed. This has been so ruled. In *Lindley* v. *Dakin*, 13 Ind. 388, it was held that the occupancy of a tenant, 'where the fact, and the title of the tenant are known at the time to the purchaser, is not a breach of the covenant of right of possession; and that, if no special contract is made, the occupant becomes tenant to the purchaser.' The same was held in *Page* v. *Lashley*, 15 Ind. 152.''

The complaint, however, is not predicated upon a breach of any covenant in the deed of conveyance, but is for a breach of the extraneous contract made by appellant to give appellees immediate possession. The only insistence of appellant relative to the sufficiency of the facts alleged to constitute a cause of action, is that the appellees being cognizant of the tenancy, and the extent thereof, at the time of purchasing, there was no breach of the covenants in the deed, hence the demurrers should have been sustained.

As heretofore stated, if the contention of counsel for appellant, as to the theory of the complaint, is correct,

their reasoning must prevail, but they mistake the theory, and base their reasoning upon a state of facts taken from the complaint and answer jointly, and not upon the facts alleged in the complaint alone. No question has been urged against the sufficiency of the complaint upon any other theory, and we need not consider its sufficiency upon any other.

It is next urged that the court erred in overruling the motion for a new trial, for the reason that the evidence discloses that the alleged agreement to give immediate possession was made prior to the deed of conveyance, hence was merged in the latter.

It is a well settled proposition of law that all prior negotiations or contracts are merged in the subsequent contract or deed between the same parties, embracing the same subject-matter; that parol agreements relative to the sale of lands are presumed to be merged in the deed. *Chapman* v. *Long,* 10 Ind. 465; *Turner* v. *Cool,* 23 Ind. 56; *Coleman* v. *Hart,* 25 Ind. 256.

By this, it is not understood that an agreement, separate and distinct from the covenants of the deed, may not be entered into and enforced. A grantor, by his covenants of warranty, agrees to give the grantee possession of the premises conveyed, and although by the deed of conveyance, the occupying tenant becomes the tenant of the grantee, under section 7095, R. S. 1894, the parties to the conveyance may, by contract, provide otherwise. The presumption, when the deed of conveyance contains no stipulation to the contrary, is that the grantee accepts the tenant as his own, and through such tenant is in possession.

The facts alleged, and which there is evidence to support, are that the appellant agreed to give the appellees immediate possession under and through an arrangement between himself and the tenant, whereby the ten-

ant was to vacate, and that relying upon this agreement appellees purchased the property. Under such a statement, it can not be said that they accepted the tenant as their own, and waived the right of possession.

The contention of appellant, that the court erred in permitting the appellee Harry A. Frybarger to testify as to what amount he was compelled to expend to get possession, can not be sustained. The appellant was liable to the appellee for all sums necessarily expended by them in getting possession, when he failed to put them in possession.

We find no reversible error in the record.

Judgment affirmed.

Filed April 24, 1894.