WILLIAM DEMARS, PLAINTIFF IN ERROR, v. PHILIP KOEHLER, DEFENDANT IN ERROR.

Where the grantee in a conveyance of lands and premises in fee-simple, which contains a covenant against encumbrances, before he enters into negotiations for the purchase, and before the execution and delivery of the deed of conveyance, has actual knowledge of the existence of a

lease of said lands made between the grantor in said conveyance and the tenant, in which the rent is reserved to the grantor and his assigns, the tenant being in actual possession of the premises, the grantee cannot maintain against his grantor an action for the breach of such covenant.

On error to the Essex County Circuit Court.

Argued at February Term, 1897, before Justices DEPUE, VAN SYCKEL and LIPPINCOTT.

For the plaintiff in error, *Johnson & German.*

For the defendant in error, *Philip Lowy* and *Thomas Anderson.*

The opinion of the court was delivered by

LIPPINCOTT, J. The plaintiff below, who is plaintiff in error in this court, instituted an action against the defendant to recover damages for the breach of a covenant against encumbrances contained in a deed of conveyance in fee-simple of lands and premises situate in the city of Newark.

The deed of conveyance was made, executed and delivered by the defendant and his wife to the plaintiff on the 10th day of February, 1896. The deed of conveyance contained the usual covenant against encumbrances. On October 14th, 1895, the defendant made a verbal lease to one Henry Mutscheler for the premises described in the deed of conveyance, for a term commencing on the last-named day and ending on the 1st day of May, 1897, at the rate of $25 rent per month.

The lease was a valid and subsisting lease at the time of the execution and delivery of the deed, and at that time Mutscheler was in the actual possession of the premises.

The evidence, which is undisputed, shows conclusively that during the pendency of the negotiations for the purchase of the property by the plaintiff from the defendant, the plaintiff had actual notice and knowledge of the existence of this lease, and that Mutscheler was in actual possession of the premises.

He had this knowledge at the time he signed the contract of purchase and at the time the deed of conveyance was executed and delivered to him by the defendant. He was so informed by the defendant during the negotiations and before the execution of any contract of purchase. This notice and knowledge the plaintiff admits. He was fully informed of the lease and of the term, and the rent reserved, but notwithstanding this, he continued his negotiations for the purchase, and accepted the deed of conveyance. These facts appeared at the trial by the evidence of the plaintiff. Immediately after the delivery of the deed, he entered into negotiations with Mutscheler to induce him to remove from and surrender the lease, which he did on May 1st, 1896, after being paid a certain sum for such surrender of the possession.

There being no dispute of fact at the close of the case the trial court directed a verdict for the defendant.

There can exist no question in law but that an outstanding term or an unexpired lease on the premises conveyed is an encumbrance within the covenant against encumbrances contained in a deed of conveyance. *Fritz* v. *Pusey*, 31 *Minn.* 368; *Jarvis* v. *Buttrick*, 1 *Metc.* 480; *Batchelder* v. *Sturgis*, 3 *Cush.* 201; *Carter* v. *Executors of Denman*, 2 *Zab.* 261, 272; *Grice* v. *Scarborough*, 2 *Spear.* 649; *Mau. Mark. Tit.*, *p.* 293, § 125.

But the quality of the encumbrance of an ordinary outstanding term or unexpired lease in respect to a covenant against encumbrances contained in a deed of conveyance, is of a very different character, as distinguished from an encumbrance by way of a mortgage or judgment, or an encumbrance of a kindred character. The rent, by the common law, and now by statute, is an incident of the reversion, or in other words, belongs and appertains to it, and follows it whithersoever and wheresoever and into whatever hands it may pass, unless they are severed by the act of the owner or by the operation of the law. *Condit* v. *Neighbor*, 1 *Gr.* 83, 91; *Ryerson* v. *Quackenbush*, 2 *Dutcher* 236, 249.

The rent accruing after the conveyance of the reversion belongs to the grantee thereof.

By statute in this state, the attornment of the tenant to a stranger is absolutely void. *Gen. Stat., p.* 1920, § 26.

Where the owner of a reversion grants the premises the lessee is bound to pay the accruing rent to the grantee, and such grantee has all the remedies to enforce payment which the lessor had, and the grantee may sue in his own name to recover such rent, and it also vests the grantee with power to re-enter upon a forfeiture, to the same extent as the lessor. *Crosby* v. *Loop,* 13 *Ill.* 625; *Howland* v. *Coffin,* 12 *Pick.* (*Mass.*) 125; *Duff* v. *Fitzwater* 54 *Pa. St.* 224; *De Coursey* v. *Guarantee Co.,* 81 *Id.* 217; *Scott* v. *Lunt,* 7 *Pet.* (*U. S.*) 596; *Kendall* v. *Carland,* 5 *Cush.* (*Mass.*) 74; *Ryerson* v. *Quackenbush,* 7 *Dutcher* 236, 250; *Condict* v. *Neighbor,* 1 *Gr.* 83, 91; *Farley* v. *Craig,* 6 *Halst.* 262.

It was formerly held that an attornment of the tenant was necessary to entitle the grantee of the reversion to stand in the place of the lessor, but that is now unnecessary by statute. The conveyance of the leased premises, together with the rents and profits thereof and the reversion, operates in law as an attornment wherever the rent has not been reserved to a third party, or has been by some act of the parties severed from the reversion. *Condict* v. *Neighbor, supra; Ryerson* v. *Quackenbush, supra.*

In this case the rent was reserved by the lease as payable to the lessor, and necessarily to the grantee of the reversion, and not to a third party, and therefore the plaintiff, upon the delivery of the deed of conveyance, was entitled to the subsequently accruing rent, and it might very well be that the encumbrance of the outstanding lease or unexpired term would operate as a benefit to the grantee rather than a detriment, which could never be the case if the encumbrance was a mortgage or judgment.

This is the character of encumbrance of which the plaintiff had full and complete knowledge before his purchase and the delivery of the conveyance to him.

But assuming that it was an encumbrance against the covenant contained in the deed, the question arises whether its existence under those circumstances was a breach of the covenant, for which an action could be maintained.

This question is only solved by the consideration and determination of the effect of notice and knowledge on the part of the plaintiff of the unexpired lease. The notice was of the character which admits of no misunderstanding or misrepresentation. As stated by the plaintiff himself, he knew there was a tenant in possession and was informed by the defendant of the existence and terms of the letting. The plaintiff then said he would not purchase the property, yet as soon as convenient, without any further negotiation with the grantor, accepted a contract of purchase and conveyance without a single further inquiry either of the owner or the tenant, and immediately after the delivery of the deed began at once to negotiate with the tenant for the surrender to him of the premises.

It is the conclusion that with this notice and knowledge on the part of the plaintiff, he could not maintain upon the deed an action for covenant broken. Both reason and justice would forbid the action, and to our minds in the law there existed no breach of the covenant. By reason of express notice to him, and his knowledge, he was fully aware that he could only obtain constructive possession until after the tenancy had expired, and that is precisely the character of possession for which he had bargained. The fact that he was prevented from obtaining actual possession constituted no breach of the covenant, and under the circumstances of the case no action could be maintained for covenant broken.

The case of *James v. Lichfield*, L. R., 9 *Eq. Cas.* 51, was a case, as it is viewed here, in point. The vendor was the owner in fee of certain five houses and six acres of vacant land in the possession of a tenant. The plaintiff, the purchaser, was aware of the fact that the premises were in the possession of a tenant. The plaintiff purchased with a view of building, for which purpose immediate possession was essen-

tial. He supposed the occupation was by a tenant from year to year. The agreement of purchase contained no mention of the lease, and provided for a further formal contract which, when prepared and presented to the purchaser, it appeared therein that the tenant occupied one of the houses under an agreement for a lease for the house and vacant land for twenty-one years. A bill was filed by the plaintiff which prayed that the contract might be specifically performed and that an abatement might be made from the purchase-money in respect of the agreement for the lease for twenty-one years.

The bill was dismissed, and the court cited the case of *Daniels* v. *Davison*, 16 *Ves.* 251, and said the principle thus stated in that case, that "whatever puts a purchaser upon inquiry shall be held notice, and, therefore, if he knows that a tenant is in possession he is considered as having notice of the whole extent of his interest." Lord Romilly, delivering the opinion of the court, said: "If the purchaser, knowing of the tenancy, is bound to inquire, as regards the tenant, as to his interest in the land, and if the purchaser must be taken to be bound to know what would be the result of such inquiry as regards the tenant, why should he not be bound as regards the vendor? And if the purchaser chooses to bind himself by agreement with the vendor, knowing of the tenancy, but without having accurately ascertained what was the extent and character of it, and what the results of such inquiry would have led to, he must, as it appears to me, be bound in the same manner as regards all other persons." *Taylor* v. *Stibbert*, 2 *Ves.* 437 ; *Hall* v. *Smith*, 14 *Id.* 426 ; *Lewis* v. *Bond*, 18 *Beav.* 85 ; *Wilbraham* v. *Livesey*, *Id.* 206.

The covenant against encumbrances is broken by the existence of an outstanding term in or lease of the granted premises. *Mau. Mark. Tit.* 293 and cases cited. But when the conveyance is taken with the knowledge that the land is in the possession of a lessee, the existence of the lease will not, under a statute transferring the constructive possession to the grantee without attornment by the tenant, operate as a breach of the covenant. *Kellum* v. *Berkshire Life Insurance Co.*,

101 *Ind.* 455. Nor is it apprehended that it will so operate, independently of statute, where there is an actual attornment by the tenant, or an apportionment of rent between the parties. *Rawle Cov. Tit.* (5th ed.), § 78; *Haldane* v. *Sweet,* 55 *Mich.* 196.

. And generally it may be said that if the purchaser knows that the premises are in the possession of a tenant, and no special contract is made, the occupant becomes the tenant of the purchaser and there will be no breach of covenant against encumbrances. *Lindley* v. *Dakin,* 13 *Ind.* 388; *Page* v. *Lashley,* 15 *Id.* 152; *Mau. Mark. Tit.* 293; *Weld* v. *Traip,* 14 *Gray* (*Mass.*) 246.

The judgment of the Circuit Court must be affirmed, with costs.