DETERMINED IN THE

# COURT OF ERRORS AND APPEALS

OF THE

## STATE OF NEW JERSEY,

JUNE TERM, 1898,

---

WILLIAM DEMARS, PLAINTIFF IN ERROR, v. PHILIP
KOEHLER, DEFENDANT IN ERROR.

Submitted July 11, 1898—Decided November 14, 1898.

An unrestricted covenant against encumbrances, contained in a deed for
the conveyance of lands, is broken by the existence of an outstanding
term in the lands, and an action for such a breach of the covenant may
be maintained notwithstanding the existence of the outstanding term
was known to the grantee when he accepted the conveyance.

---

On error to the Supreme Court. For opinion of the Su-
preme Court, see 31 *Vroom* 314.

For the plaintiff in error, *Samuel J. Macdonald.*

For the defendant in error, *Thomas Anderson.*

The opinion of the court was delivered by

MAGIE, CHIEF JUSTICE. The judgment under review
affirmed a judgment of the Essex Circuit Court in an action

of covenant in which Demars was plaintiff and Koehler was defendant.

The record discloses that the action was brought upon a covenant against encumbrances contained in a conveyance of lands made by Koehler to Demars, and that the breach of the covenant claimed by Demars was based on the existence of an outstanding term in the lands in one Mutschler.

The bills of exception show that upon the trial it was established that, at the time of the execution and delivery of the conveyance in question, the premises conveyed were in the possession of Mutschler, who held them under an unexpired term created by Koehler. The trial judge ruled that Demars could not maintain his action upon the covenant by reason of the existence of such outstanding term, because it appeared that he had knowledge of the existence of that term when he accepted the conveyance. On this ground the jury were directed to find a verdict in favor of Koehler.

The Supreme Court approved the ruling of the trial judge and affirmed the judgment upon the directed verdict. *Demars* v. *Koehler*, 31 *Vroom* 314.

The proposition enunciated by the Supreme Court is that a grantee cannot maintain an action upon a covenant against encumbrances contained in his conveyance by reason of an outstanding term in the lands conveyed, if he had notice of the existence of the term before accepting the conveyance. I find myself unable to assent to that proposition, which I deem opposed both to reason and authority.

Prof. Greenleaf declares that a breach of the covenant against encumbrances is shown when the proofs establish that a "third person has a right to or an interest in the land conveyed, to the diminution of the value of the land, though consistent with the passing of the fee by the deed of conveyance." 2 *Greenl. Evid.*, § 242. This definition of encumbrance is substantially that given by Chief Justice Parsons in *Prescott* v. *Trueman*, 4 *Mass.* 627. It was approved in *Mitchell* v. *Warner*, 5 *Conn.* 497, and adopted by Chief Justice Green in *Carter* v. *Denman's Executor*, 3 *Zab.* 260, 272.

The diminution of value which is thus made a test of an encumbrance is not, however, to be understood as limited to cases where the thing granted is, by reason of some outstanding right or interest in a third person, of less pecuniary worth, but also extends to and embraces cases where the grantee, by reason of such an outstanding right or interest, does not acquire by the grant the complete dominion over the thing granted which the grant apparently gives but is or may be deprived thereby of the whole or some part of its use or possession. The diminution of pecuniary value is important in the admeasurement of damages for the breach of this covenant, but does not form the test whether an outstanding right or interest is an encumbrance or not. If the thing granted be or be liable to be diminished by the existence of an outstanding right or interest, so that the grantee does not acquire the complete dominion which the grant purports to convey, then, although the diminution of pecuniary worth may not appear and the damages may be only nominal, such right or interest is an encumbrance.

It was properly conceded in the Supreme Court that an outstanding term of years is an encumbrance within the meaning of the covenant against encumbrances, notwithstanding the grantee has acquired the right to enforce the provision of the lease without the necessity of attornment on the part of the tenant. 32 *Hen. VIII.*, c. 34; *Gen. Stat.*, p. 875.

It is conceivable that land leased at a large rent and for a long term might be of greater pecuniary worth and command a higher price than the same land without such a lease. But no one would contend that a purchaser without knowledge of the lease would be disabled from recovery upon a covenant against encumbrances contained in his deed by proof that his purchase was in fact more advantageous to him than he had expected. Such evidence might be admissible on the question whether his damages should be substantial or only nominal, but would be entirely inadmissible to defeat recovery. The reason is that the deed has not conveyed to him the complete dominion of the land which it purported to do.

How does the grantee's knowledge of the existence of such an encumbrance alter the situation? Such knowledge does not ordinarily prevent recovery upon this covenant. It could not be contended that a grantee would be debarred from recovering for a breach of this covenant resulting from an outstanding mortgage, by proof that he had constructive notice of the mortgage by its record or had actual knowledge of its existence. The encumbrance of an outstanding term for years differs from the encumbrance of a mortgage only in respect to the right of the grantee to enforce the lease. But the existence of that right and the fact that it has resulted from his acceptance of the deed does not, as we have seen, make the outstanding term no encumbrance as respects a grantee without knowledge of it. Knowledge of its existence cannot alter its character as encumbrance. The land granted is, or may be, thereby diminished so that the grantee does not acquire that use and possession which the deed purported to grant.

Mr. Rawle, conceding that, if there be a real encumbrance, the purchaser's knowledge of its existence will furnish no defence to an action on this covenant, ingeniously suggests that such knowledge may have a material bearing in determining what was the subject-matter of the contract. *Rawle Cov. Tit.* 95, 96. With equal ingenuity the opinion below denies the right to recover upon this covenant because such an encumbrance, known to the grantee, is not within its terms and consequently no breach of the covenant. With great respect, I deem the reasoning specious and the conclusion insupportable, for knowledge of the existence of an encumbrance not only does not destroy its inherent character as encumbrance, but may and often does lead to the purchaser's requiring the grantor to protect him by covenants. *Smith* v. *Lloyd*, 29 *Mich.* 382. When a covenant is made against all encumbrances without exception, knowledge of the existence of one encumbrance cannot take that encumbrance out of the general terms of the covenant unless such was the intent of the parties. But knowledge alone does not prove such intent, for a contrary intent is consistent with it. Proof of

knowledge or other proof of the intent of the parties that a particular encumbrance should be excepted from the general terms of the covenant, could only be admitted by a violation of the canon of evidence which forbids parol proof to vary the terms of a written contract.

It results that a grantor who fails to except from his covenant against encumbrances one which is known to the grantee, cannot defeat recovery upon that covenant by proof of such knowledge. The grantee is not compelled to require for his protection a special covenant against the known encumbrance, but may rely on the general and unrestricted covenant against all encumbrances.

This result is in no respect antagonistic to the decision of the Master of the Rolls in *James* v. *Lichfield, L. R.*, 9 *Eq. Cas.* 51, cited and relied on in the court below. In that case specific performance of a contract for the sale of land was asked, with compensation for the diminished value of the land by reason of outstanding leases not mentioned in the contract. Performance with such compensation was refused because the purchaser knew of the possession of the tenants, and was held to have thereby had constructive notice of the outstanding terms and their duration. Whether such knowledge on the part of a purchaser amounted to constructive notice was doubted, and the case in that respect criticised, in *Caballero* v. *Henty, L. R.*, 9 *Ch. App.* 447. But if the case is not open to criticism it is obvious that it did not involve a construction of the covenant against encumbrances or the right of recovery thereon, but only whether the purchaser had an equitable right to enforce a contract for the sale of land and obtain a conveyance with compensation for encumbrances of which he had notice.

The current of decisions in this country is largely in accord with the conclusion I have reached. Indeed, my examination discloses no contrary views except those expressed by the courts of Indiana. In respect to those decisions it is sufficient to say that they seem to be based upon doctrines to which we have never subscribed. In *Page* v. *Lashley*, 15

*Ind.* 152, it was declared that proof was admissible to establish a parol agreement respecting an outstanding lease, contemporaneous with the deed and varying its terms, and upon that doctrine it was held that proof of knowledge of the existence of such a lease led to the inference that there was such a parol agreement. A similar result was reached in *Kellum* v. *Berkshire Life, &c., Co.,* 101 *Ind.* 455. It was upon the authority of the last-cited case that a late text-writer relies in enunciating the doctrine that the existence of a lease known to the grantee will not, under a statute transferring the constructive possession to the grantee without attornment by the tenant, operate a breach of the covenant against encumbrances. *Maupin Mar. Tit.* 293. But it is obvious that such decisions can have no weight in jurisdictions where the rule forbidding the introduction of parol evidence to vary a written contract is maintained.

.The general rule is that the right of action on the covenant against encumbrances arises upon the existence of the encumbrance, irrespective of any knowledge on the part of the grantee or of any eviction of him or of any actual injury it has occasioned him, so that if he has not paid off or bought in the encumbrance he is entitled at least to nominal damages. 2 *Greenl. Evid.,* § 242; 2 *Washb. Real Prop.* 707; *Carter* v. *Denman's Executor, ubi supra; Townsend* v. *Weld,* 8 *Mass.* 146; *Hovey* v. *Newton,* 7 *Pick.* 29; *Harlow* v. *Thomas,* 15 *Id.* 66; *Batchelder* v. *Sturgis,* 3 *Cush.* 201; *Spurr* v. *Andrew,* 6 *Allen* 420; *Flynn* v. *Bourneuf,* 143 *Mass.* 277; *Rickert* v. *Snyder,* 9 *Wend.* 416; *Smith* v. *Lloyd, ubi supra; Edwards* v. *Clark,* 83 *Mich.* 246; *Hubbard* v. *Norton,* 10 *Conn.* 422; *Prichard* v. *Atkinson,* 3 *N. H.* 335; *Van Wagner* v. *Van Nostrand,* 19 *Iowa* 422; *Barlow* v. *McKinley,* 24 *Id.* 69; *Long* v. *Moler,* 5 *Ohio* (*N. S.*) 271.

We are not called upon to determine by what rule damages should be admeasured in such a case as that under review. The judgment having been rendered upon a verdict erroneously directed, must be reversed and the record remitted for further proceedings, according to law.

*For affirmance*—None.

*For reversal*—The Chancellor, Chief Justice, Collins, Dixon, Garrison, Ludlow, Adams, Bogert, Hendrickson, Nixon, Vredenburgh. 11.