### REAM v. GOSLEE.

[No. 2,642.    Filed November 30, 1898.]

VENDOR AND PURCHASER.—*Breach of Contract to Deliver Possession of Real Estate.*—Where real estate occupied by a tenant under a written lease is purchased upon the written contract of the vendor to execute a deed and give possession on a day certain, the purchaser having full knowledge of the tenancy, but not of the terms of the lease, the vendor upon the delivery of the deed will only be required to give possession subject to the lease.

From the White Circuit Court.    *Affirmed.*

*Carr & Carr,* for appellant.

*Sellers & Uhl,* for appellee.

BLACK, C. J.—A demurrer to the appellant's complaint for want of sufficient facts was sustained, and that ruling is presented for the consideration of this court. The complaint showed that on the 29th of January, 1896, the appellee was the owner in fee sim-

ple of certain real estate described, in White county; that on that day he sold it to the appellant for $1,250, and agreed with the appellant that he, the appellee, would execute a warranty deed, his wife joining him therein, conveying the real estate to the appellant, and that the appellee would place the deed in the hands of one Edwin R. Price, to be by him delivered to the appellant, upon the payment by him on or before the 10th of March, 1896, to the appellee of $400, a part of the purchase price of the real estate; that it was further agreed by the parties that the appellant would execute certain promissory notes payable to the appellee, the amounts of the several notes being stated, aggregating $1,250, as evidence of the whole amount of the purchase-money, and that he would execute a mortgage on the real estate, his wife joining him therein, to secure the payment of the last three of the notes at maturity, which notes and mortgage were to be placed in the hands of said Price, to be by him delivered to the appellee upon the delivery of said deed to the appellant as aforesaid. The complaint contained averments showing performance of these stipulations concerning the deed, notes, and mortgage, and the deed and mortgage were made exhibits. It was further alleged, that contemporaneously with the execution of the deed, notes and mortgage, the appellant and the appellee entered into a written memorandum and agreement as follows: "Chalmers, Indiana, 1-29, 1896.

"This deed is left in the hands of E. R. Price, to be delivered to the grantee therein named on the payment of four hundred dollars, on or before the 10th day of March, 1896. On the consummation of this contract the grantee is to have possession of the property specified in deed. A. Goslee, Mathias Ream. The mortgage given to secure the payment of

the purchase-money for the realty described in the deed herewith is left in the hands of R. R. Price, to be delivered to Albert Goslee, when the said deed is delivered as aforesaid.   A. Goslee, Mathias Ream."

It was alleged, that said written memorandum and agreement was, by the appellant and appellee, put into an envelope with said deed, notes and mortgage, and placed in the hands of said Price, and that the deed and mortgage therein referred to were the same that were executed as aforesaid; that by the terms of said written memorandum and agreement, the appellee promised the appellant that upon the consummation of said agreement the latter should have the possession of said real estate.

It was next alleged, that said agreement was fully consummated on the 10th of March, 1896, when the appellant paid the appellee, and the latter received and accepted from the former, the sum of $400, and thereupon caused to be delivered to the appellant, and the appellant received and accepted from said Price said deed, and the appellant caused to be delivered to the appellee, who received and accepted from said Price, said notes and mortgage.

It was further alleged, that at the time the appellant purchased the real estate, and when said written memorandum and contract and the deed and mortgage were executed, one S. D. Sluyter was in possession of said premises as a tenant of the appellee under a written lease; that he occupied a brick store building thereon, under and by virtue of a lease or agreement with the appellee, and under said written lease; that the appellant had full knowledge of the existence of said tenancy, at and before said deed and mortgage were executed, but the exact terms of said lease or agreement and the nature and extent of said tenancy were to the appellant unknown at that

time; that said written agreement was made by the appellee with full knowledge by him of the existence of said tenancy and the nature and extent thereof; that the appellant, relying upon the promise of the appellee to deliver him possession of the premises, fully consummated his said agreement with the appellee as aforesaid, and fully performed all the conditions thereof on his part to be performed; that upon the consummation of the contract, on the 10th of March, 1896, and at divers times thereafter, appellant demanded of the appellee the possession of said premises, but the appellee wholly failed and refused to deliver the possession of the same to the appellant; that said Sluyter remained continuously in the possession of said brick store building and of said premises from the date of the purchase of the real estate by the appellant, under and by virtue of said lease or agreement with the appellee, and with the full knowledge and consent of the appellee, until the 25th of February, 1897; that the appellant was thereby deprived of the use, occupation and employment of said building and the possession of said premises, and the rents and profits thereof, during all of said time; that by reason thereof the appellant had been damaged in the sum of $500, which was due and wholly unpaid; wherefore, etc.

Usually, the possession of a tenant for years is deemed to be the possession of the grantee in the deed of conveyance, and the existence of the term is no breach of the covenant of warranty, the rent being apportioned at the time of the conveyance. In *Lake* v. *Dean*, 28 Beav. 607, the plaintiff agreed to sell the defendant an orchard, described in the written agreement as "now in the occupation of" a third person, and it was agreed that the purchaser should complete on a certain day, "when he shall have posses-

sion." The defendant refused to complete his purchase unless the plaintiff would undertake to admit the former into actual and corporeal possession at once, which the plaintiff admitted he was unable to do, as the premises at the date of the agreement were, and they had since been, in the tenancy and occupation of said third person. It was held that there was a broad distinction between "possession" and occupation, and a decree for specific performance was made against the defendant. In Sugden on Vendors, 8, referring to *Lake* v. *Dean, supra,* it was said: "If a purchaser intends to stipulate for a vacant possession, he should be careful to do so, for where upon a sale of an orchard, 'now in the occupation of L. P.' the purchaser was to complete on a day named, 'when he shall have possession,' it was held that the purchaser was not entitled to the occupation of the orchard, or in other words he must take subject to L. P.'s occupation; yet the purchaser no doubt meant to stipulate for an actual delivery of a vacant possession." See 1 Dart on Vend. & Pur. (6th ed.) 145. In *Demars* v. *Koehler,* 60 N. J. L. 314, 38 Atl. 808, the syllabus by the court is as follows: "Where the grantee in a conveyance of lands and premises in fee simple, which contains a covenant against encumbrances, before he enters into negotiations for the purchase, and before the execution and delivery of the deed of conveyance, has actual knowledge of the existence of a lease of said lands made between the grantor in said conveyance and the tenant, in which the rent is reserved to the grantor and his assigns, the tenant being in actual possession of the premises, the grantee cannot maintain against his grantor an action for the breach of the covenant." In that case the grantee had knowledge of the terms of letting.

A conveyance by a landlord is valid without at-

tornment of the tenant, under the statute. In *Lindley* v. *Dakin*, 13 Ind. 388, an action on covenants in a deed of conveyance of real estate, it was held that the possession of the tenant is the possession of the landlord; that occupancy by a tenant at the time of sale, where the fact and the title of the tenant are known at that time to the purchaser, is not a breach of the covenant of possession, and that if no special contract is made the occupant becomes tenant of the purchaser. It was further held, that if a parol contract be made between the purchaser and the seller relating to possession, a suit in relation to possession would rest upon a breach of such parol contract, and not upon the covenants of the deed of conveyance. In *Page* v. *Lashley*, 15 Ind. 152, a suit on a note for purchase-money of land, it was held, that, while it is a general rule of law that the covenants in a deed cannot be controlled in their legal effect by evidence of contemporaneous parol agreements, yet where land conveyed with full covenants is at the time in possession of a tenant, a parol agreement may be valid to accept the deed and the tenant's possession as the possession of the purchaser; and that such an agreement will be inferred, nothing appearing to the contrary, where the purchaser at the time he accepts the deed has full knowledge of the right of the tenant; and that in such case the seller is entitled to the rents due, and the purchaser to future rents. *Kellum* v. *Berkshire Life Ins. Co.*, 101 Ind. 455, was an action for breach of covenants in a deed, the alleged breach being that part of the land was in possession of the grantor's tenant, who detained possession for a year after the execution of the deed. The grantee before the purchase had talked with the tenant and knew of the terms of his lease. It was held, that, as the deed transferred

the possession to the vendee, such occupancy did not constitute a breach of the covenants of the deed. The sale of the leased property does not add to or take from the tenancy, and the lessor's grantee may terminate the tenancy as the grantor might have done if he had not conveyed. *Swope* v. *Hopkins*, 119 Ind. 125. Where the grantor agrees to give the grantee immediate possession under and through an arrangement between the grantor and his tenant in possession, whereby the tenant is to vacate, and the grantee purchases in reliance upon this agreement, he does not waive the right of actual possession as against the grantor, from whom he may recover his expenses in obtaining possession. *Williams* v. *Frybarger*, 9 Ind. App. 558. Where the deed of conveyance contained a provision that the grantee should have possession at a future date specified, and the grantor did not give the grantee possession at that time, but authorized a third person to take and retain possession, the grantor thus retaining possession through another, it was held, that there was a breach of the covenants of the deed, for which the grantee might recover from the grantor. *Gibbs* v. *Ely*, 13 Ind. App. 130. In Sugden on Vendors (8 Am. ed.), 7, it is said: "Where it is stated upon a sale, even at auction, that the estate is in lease, and there is no misrepresentation, the purchaser will not be entitled to any compensation, although there are covenants in the lease contrary to the custom of the country; because whoever buys with notice of a lease is held conusant of its contents; but there must be no misrepresentation. This rule has been carried too far; but no person having notice of any lease, or that the estate is in the occupation of tenants, should sign a contract for purchase of the estate without first seeing the leases, unless the vendor will stipulate that they contain such

covenants only as are justified by the custom of the country." In *James* v. *Litchfield*, L. R. 9 Eq. 51, it was held that where the purchaser knew that the premises were in the occupation of a tenant, the former, as between him and his vendor, was bound to inquire as to the interest of the tenant in the land. It was said: "The purchaser bound himself by contract. He must be taken to have had present to his mind all those things of which he had notice, and those things which necessarily flowed from, and were incidental to, that notice. He knew that Allen was tenant of this land; he was bound to inquire what the tenancy was unless he was willing to be bound by the tenancy whatever it was." Where one purchasing land from another has knowledge that it is in possession of a third person, the purchaser is put upon inquiry as to the right by which such third person claims and holds the possession. *Wilson* v. *Campbell*, 119 Ind. 286; *Smith* v. *Schweigerer*, 129 Ind. 363.

It is alleged in the complaint that the appellant, the purchaser, had full knowledge of the existence of the tenancy, at and before the execution of the deed and mortgage, but that the exact terms of the lease were unknown to him at that time. It is not stated whether or not he knew the terms of the lease when he paid a part of the purchase-money and the sale was consummated, the tenant still being in possession. Nor does the complaint state what were the terms of the lease, or what was the nature or the extent of the tenancy; though it is stated that the tenant continued till a certain date in possession under and by virtue of the lease. No fraud or mistake is shown.

Having knowledge of the tenancy, the appellant was chargeable with knowledge of its extent. If the tenant had a right to continue in possession, he did

Ream *v.* Goslee.

so as the tenant of the appellant after the consummation of the sale by the delivery of the deed. The appellee could not then deliver the actual, or vacant, possession, and the appellant must be regarded as having signed the memorandum relating to possession and as having paid part of the purchase-money and as having accepted the deed with knowledge that vacant possession could not be given by the appellee, but could be obtained only at the expiration of the lease unless sooner yielded by the tenant. Although it is alleged that the appellant demanded possession of the appellee when the purchase-money was paid and the deed and mortgage were delivered, yet he must be regarded as then and at all times knowing or being chargeable with knowledge that such a demand could not be complied with; and yet he went on and consummated the purchase. The "possession" mentioned in the written memorandum might be understood by the parties to mean possession through and by the occupation of a tenant bound to pay rent to the appellant. In view of the actual knowledge of both parties and the knowledge with which the appellant was chargeable, the having of which at the time of the consummation of the sale is not denied, and in consideration of the conduct of the parties, the agreement for possession cannot by the court be held to have been broken. Judgment affirmed.