## BOYER *v.* INDIANAPOLIS NORTHERN TRACTION COMPANY ET AL.

[No. 6,661.  Filed January 14, 1910.  Motion to modify mandate overruled April 22, 1910.]

1. TRIAL.—*Verdict.*—*Interrogatories.*—*Conflict.*—A general verdict for the plaintiff constitutes a finding in his favor upon all of the issues, and answers to interrogatories to the jury overturn such verdict only when they are irreconcilable therewith upon any evidence admissible within the issues.  p. 686.

2. TRIAL.— Interrogatories.— Conflict.— Conflicting interrogatories nullify one another.  p. 687.

3. TRESPASS.— General Verdict.— Interrogatories.— Reversal.— Mandate.—Where a complaint alleged, among other acts of trespass, that the defendant authorized the cutting of plaintiff's trees and the destruction of his wheat and fences, to his damage, answers to interrogatories which fail to negative all of such acts will not overturn a general verdict for the plaintiff; and a judgment for the plaintiff may be ordered on a reversal.  Rabb, P. J., and Myers, C. J., dissent.  p. 687.

From Hamilton Circuit Court; Ira W. Christian, Judge.

Action by Lewis Boyer against Mary E. Essington and another.  From a judgment for defendants, plaintiff appeals. Reversed.

Neal & Beals, for appellant.

Shirts & Fertig, C. G. Reagan and W. S. Christian, for appellees.

COMSTOCK, J.—Appellant brought this action against appellees for damages on account of the alleged trespass of appellees while constructing an interurban railroad through land held and occupied by appellant as a tenant.  Issues were formed on the second amended complaint and answers and replies thereto.  Said amended complaint is in one paragraph, and alleges, in substance, that appellant was the tenant in possession of a certain tract of real estate owned by appellee Essington, and was engaged in farming said land; that during such tenancy, in disregard of the rights of appellant, appellee Essington sold and conveyed by warranty deed to her coappellee, Indianapolis Northern Traction Company, a strip of land entirely across the farm, to be used and enjoyed by said company as and for a right of way for an interurban railroad; that appellees knew that appellant was in possession of said real estate and resided thereon as such tenant; that it was the intention and purpose of appellees that said company should take absolute and exclusive possession of the ground so conveyed, to the complete exclusion of appellant therefrom, for the purpose of

constructing thereon such railroad; that said company did not acquire, nor attempt to acquire from appellant, the right of way by condemnation or agreement, and no consideration was offered or paid to him for his rights, and appellees knew and intended that such conveyance and occupation would completely dispossess appellant of said strip of ground; that after the conveyance, appellee Essington authorized said company to take full possession of the real estate so conveyed, for the purpose of constructing and operating said railroad, in utter disregard of the rights of appellant as such tenant; that appellees, and particularly appellee company, under and by virtue of said deed, and the authority and permission so given by its coappellee Essington, over the objection and protest of appellant, unlawfully and wrongfully did enter upon said real estate, and commit the acts of trespass set out in the complaint, such acts of trespass injuring appellant; that he was permanently evicted and excluded from the real estate so conveyed, and that it was the intention of appellees that he should be so excluded, and that appellee company did not accept and recognize him as its tenant of said real

Each appellee answered separately, to the same effect: (1) General denial; (2) payment; (3) that before the execution of appellant's lease appellee company had begun negotiations for the right of way, and had staked it out across said lands, and later began an action in the Hamilton Circuit Court to appropriate the real estate which was afterwards conveyed, and that appellant had knowledge of such negotiations at the time he leased, also that appellee company had surveyed and staked out said right of way; that all damages which he would sustain were accounted for, and allowance made therefor in fixing the consideration he was to pay as rental for the farm.

Appellant replied separately by general denial to the second and third paragraphs of each of said answers.

A trial by jury resulted in a general verdict for appellant

against appellee Essington, assessing his damages at $300, and a finding for appellee company. With the verdict the jury returned answers to interrogatories.

The separate motion of appellee Essington for judgment in her favor on the answers to interrogatories was sustained, and judgment rendered in her favor on said answers and in favor of appellee company on the general verdict against appellant for costs.

The error relied on for reversal is "that the court erred in sustaining the separate motion of appellee Essington for judgment in her favor on the answers of the jury to special interrogatories, notwithstanding the general verdict."

The general verdict finds for appellant on all the material averments of complaint. "The special findings override the general verdict only when both cannot stand, and this

1.  antagonism must be apparent upon the face of the record, beyond the possibility of being removed by any evidence legitimately admissible under the issues, before the court can be successfully called upon to direct judgment in favor of the party against whom a general verdict has been rendered by a jury upon their oath." *Amidon* v. *Gaff* (1865), 24 Ind. 128, 130. And see *Rhodius* v. *Johnson* (1900), 24 Ind. App. 401, and cases cited.

The answers to interrogatories show substantially that appellee Essington, on or about January 27, 1903, sold and conveyed by warranty deed to her coappellee, the Indianapolis Northern Traction Company, the tract of real estate described in the complaint. In connection with appellee traction company, appellee Essington went upon and took possession of said real estate so conveyed by her, and plowed and dug it up, and constructed a railroad thereon. The only act she performed in common with said traction company was the removal of timber about May 1, 1903. After said conveyance she did not enter upon said real estate for any other purpose than to cut and remove some

timber therefrom, and to cross and recross said real estate in going to and from her dwelling-house located upon the real estate so leased to plaintiff. Said traction company first took possession of said real estate about May 1, 1903. Said traction company did not by itself commence the construction of the railroad upon said real estate. The part taken by appellee Essington was to cut and remove timber. She was not in any way assisted by any of the employes or servants of the traction company in so doing. She did not exercise over said real estate, after conveying it, any control, except to take some timber. She did not cut nor throw down any fences upon said real estate, through which any of the stock of appellant could escape, after said traction company took possession thereof. The only act of trespass committed by said Essington was to cut and remove some timber. Plaintiff's tenancy of the real estate described in the complaint began March 1, 1903.

There is apparent conflict in some of the answers to interrogatories, but if real they must be disregarded. Other interrogatories directly support the general verdict.

2. Numerous acts of trespass are charged in the complaint against defendants, and the traction company, apart from the cutting of trees, is specially charged

3. with having, under permission of appellee Essington, thrown down fences, destroyed fields of growing wheat, and committed other acts of trespass from which plaintiff suffered loss. The issues upon these allegations are decided by the general verdict in favor of appellant, and under the rule there is no irreconcilable conflict between the facts specially found and the general verdict.

Judgment reversed, with instructions to render judgment on the general verdict.

All concur in the reversal, but Rabb, P. J., and Myers, C. J., are of the opinion that a new trial should be ordered, and reserve the right to file their views on the mandate later.

## DISSENTING OPINION.

RABB, J.—I do not concur in the mandate of the court in directing a judgment against appellee Essington on the general verdict. I think it manifestly appears from the record before us that such judgment will operate as a rank injustice to said appellee, and that the case is one requiring this court, in the exercise of its discretion, to direct a new trial: *Sinker, Davis & Co.* v. *Green* (1888), 113 Ind. 264; *Buchanan* v. *Milligan* (1886), 108 Ind. 433; *Murdock* v. *Cox* (1889), 118 Ind. 266; *Wendel* v. *Cleveland, etc., R. Co.* (1908), 41 Ind. App. 460; *Richey* v. *McKay* (1905), 36 Ind. App. 539.

In my view, all those averments in the complaint, with reference to the conveyance by appellee Essington to her coappellee, Indianapolis Northern Traction Company, of the land upon which the trespass is alleged to have been committed, the intention of the parties in making such conveyance, and the averment that, after the execution of the conveyance, Essington authorized the traction company to take possession of the land, are mere surplusage, presenting no issuable facts, and are therefore not established by the general verdict.

The substantive averments of the complaint, the issuable facts charged, which the general verdict in favor of appellant established as true, are the facts that appellant was tenant of appellee Essington, in the lawful possession of the premises, and that "defendants unlawfully entered upon the premises, tore down the fences, destroyed the crops," etc. These averments charged a joint trespass, and made a good case against both appellees, but clearly did not authorize a judgment against either of the parties for separate acts of trespass committed by the other, although it might appear that each of the two parties had separately trespassed upon appellant's possession.

Here the general verdict finds that appellee Essington

alone committed the acts of trespass charged, or some of them; that is, that Essington "unlawfully entered upon appellant's possession, tore down the fences, permitting the stock to escape, destroyed the crops," etc.

Among other interrogatories submitted to the jury and the answers were the following: "State what, if any, fences on said real estate, defendant Essington tore down, through which any stock of said plaintiff escaped, after taking possession thereof by the Indianapolis Northern Traction Company? A. None." "What occupancy or control did defendant Mary E. Essington exercise over said real estate after she conveyed the same to her codefendant, except to take some timber off of the right of way thereof? A. None." "If defendant Mary E. Essington cut some timber off of the right of way of said real estate, was she in any way assisted by the employes or servants of defendant? A. No, sir."

It is not charged in the complaint that appellees or either of them cut and removed timber from the premises, and the cutting and removing of timber is not relied on in any way as causing the injury sued for, and would clearly entitle appellant to merely nominal damages, if such were the basis of the action.

The answers to these interrogatories are clearly antagonistic to the general verdict against appellee Essington, and would require an affirmance of the judgment, were it not for the answer returned by the jury to the fourth interrogatory submitted to it, which was as follows: "Did defendant Mary E. Essington, in common and with concertive action and with defendant Indianapolis Northern Traction Company, enter upon and take possession of said real estate so conveyed by her to said defendant, and plow up and dig up the same, and construct a railroad thereon? A. Yes." The answer to this interrogatory is plainly contradictory to those already referred to, and under the strict

technical rules that forbid the court to consider contradictory answers to interrogatories on a motion for a judgment on answers to interrogatories, notwithstanding the general verdict, requires the reversal of the judgment by this court. But I think it quite manifest that this answer to the fourth interrogatory submitted to the jury was the result of a misconception on its part of the purport of the interrogatory. This is made quite clear by the answer to the fifth interrogatory, which was as follows: "If your answer to the foregoing interrogatory is 'yes,' state when and what action said defendant Mary E. Essington did and performed in common and with concertive action with her codefendant?" This is answered as follows: "Removed timber about May 1, 1903."

I think it is thus made apparent that what the jury intended to find by the answer to the interrogatories, and all it intended to find as against defendant Mary E. Essington, was that after she conveyed the premises to the traction company, she, without the traction company's having anything to do with it, entered upon the premises and cut down and removed some timber therefrom, and that all of the injurious acts charged in the complaint to have been done were done by the traction company alone, and that the general verdict was returned against appellee Essington, because she had sold and conveyed the property in question to the traction company, and had received from it the consideration expressed in the deed.

I think enough appears from the answers to these interrogatories to show clearly to the court the real state of the case, and that all that Essington did was to sell and convey to the company the tract of land in question. Such sale and conveyance by her created no liability on her part for any act of the traction company. She had the right to sell her interest in the land, and to convey it by warranty deed, and her deed conveyed to the company no right whatever, and

afforded no authority to the company wrongfully to enter upon appellant's possession.

It appears from the averments of the complaint that the traction company took the conveyance with full knowledge of all of appellant's rights, that he was the tenant of appellee Essington, and by the terms of the statute, when appellee company took possession of the land appellant's possession was its possession, and appellant became the tenant of the traction company, with the same rights against the traction company that he had against the original landlord. §8061 Burns 1908, §5215 R. S. 1881; *Lindley* v. *Dakin* (1859), 13 Ind. 388; *Page* v. *Lashley* (1860), 15 Ind. 152; *Kellum* v. *Berkshire Life Ins. Co.* (1885), 101 Ind. 455; *Swope* v. *Hopkins* (1889), 119 Ind. 125; *Ream* v. *Goslee* (1898), 21 Ind. App. 241.

The consideration received by Essington for the conveyance of the land is presumed to be the consideration for her interest in the premises, and not to represent and pay for something which she had no right or authority to sell, and which she did not undertake to convey. After she conveyed the land to the traction company, before it could have any right to enter upon the premises as against appellant, it was its duty to acquire, in some appropriate way, the right as against him, and until it did so an entry upon his possession without his consent was a trespass, but not one for which the original landlord would be liable.

In my judgment, from the facts made apparent by the answers to interrogatories, it is clear that at most appellant had a right to but nominal damages against appellee Essington, and that therefore the direction to render judgment upon the general verdict is not a proper mandate.

Myers, J., concurs.