EAKRIGHT *v.* THE LOGANSPORT AND NORTHERN INDIANA RAILROAD COMPANY.

Where, in the organization of a railroad company, all the requirements of the charter were observed, though not in the order prescribed, the organization was deemed sufficient.

Where the charter required that the directors should be named in the articles of association, it was *held* a compliance with the requirement to adopt the articles at the time of electing the directors. But, *held,* also, that the requirement was only directory.

The fact of an illegal election of directors, cannot be set up in resistance of payment of stock.

The articles of association (see opinion) sufficiently show the name of the place from which the proposed road was to be constructed.

*Smith* v. *The Indiana, &c., Railroad Co.,* 12 Ind. R. 61, followed.

The defendant, in a suit upon a subscription to the original stock of a railroad company, cannot demand inspection of the articles of association subscribed by him and sued upon, on file in the office of the secretary of state.

Nor can he show by parol that he would not have subscribed, if he had supposed a particular route would be adopted.

Representations of officers with whom the power of locating the route is not lodged, will not bind the company as to the location; and even the representations of those who have that power, are matters of opinion, upon which the subscriber has no right to rely, where, by the legal effect of the subscription, the entire consideration of his promise was the shares subscribed for.

Nov. Term,
1859.

EAKRIGHT
v.
THE LOGANS-
PORT, &c.,
RAILRO'D Co.

APPEAL from the *Miami* Circuit Court.

*Monday,*
*December* 12.

DAVISON, J.—The appellees, who were the plaintiffs, sued *Eakright* upon a subscription of stock to the original articles of association of said company. These articles are set out in the complaint, and read thus:

"We, the undersigned, whose names and places of residence are designated in the margin, for the purpose of organizing a company to construct, own, and maintain a railroad hereinafter mentioned, in pursuance of an act entitled 'an act to provide for the incorporation of railroad companies,' approved *May* 11, 1852, do hereby, each for himself, subscribe the number of shares in the capital stock of said contemplated railroad company set opposite our respective names, such subscription payable to said company as the board of directors, when elected, &c., may, from time to time, direct. And we hereby subscribe and agree to the following articles of association, viz.: Article 1. The name and style of the corporation shall be, '*The Logansport and Northern Indiana Railroad Company.*' 2. The capital stock of the company shall be 800,000 dollars, to consist of 16,000 shares of 50 dollars each. 3. The railroad shall commence at the west, or such point on the west line of *De Kalb* county, with a view of connecting with the present *Auburn and Eel River Valley Railroad,* at such point as may be agreed on by the companies so connecting; thence running down *Eel* river valley to *Logansport,* passing through the counties of *Noble, Allen, Whitley, Kosciusko, Wabash, Miami,* and *Cass.* 4. The number of directors shall be seven. 5. The length of the road will be, probably, seventy-five miles. In witness whereof, we have hereto severally set our names, as parties to the above articles, and subscribed to the capital stock of said company. *December* 1, 1852.

| Subscribers' names. | Residence. | No. of shares. | Amount. |
|---|---|---|---|
| *William Eakright.* | *Miami* county. | 4. | $200." |

It is averred that on the 10th of *February*, 1853, the organization of the company was completed and perfected by the election of the following board of directors, viz.: *Cyrus Tabor, Stewart B. Kendrick, William Beach, John H. Constant, John Comstock, William Thorn,* and *William Swazzee;* and that at the time of such election, the subscriptions to the capital stock amounted to more than 1,000 dollars for each and every mile thereof; and that the foregoing articles of association were then adopted by the subscribers thereto, and duly filed in the office of the secretary of state. It is further averred that defendant, by subscribing, &c., made himself liable to pay, &c., at such times and in such manner as the board of directors when elected, &c., might, from time to time, direct; and that the said board, at a regular meeting, held *August* 3, 1853, ordered that an installment of 10 per cent. on the capital stock of the company be called for and made payable in ten days from that date, and further installments of 10 per cent. be called for and made payable, each and every month thereafter, until the full amount shall be paid, &c. It is also averred that due notice was given, &c., but the defendant refused to pay, &c.

Defendant demurred to the complaint; but his demurrer was overruled.

The statute under which this railroad company was organized, contains these provisions:

1. "Whenever stock to at least 50,000 dollars, or 1,000 dollars for each and every mile of the proposed road shall have been subscribed, the subscribers to such stock shall elect directors for such company from their own number, and shall severally subscribe articles of association, which shall set forth the name of the corporation, the amount of the capital stock of the company,    *    *    *    the number of shares of which said stock shall consist; the number of directors, and their names, to manage the affairs of the company; the name of the place from which, and the place to which, the proposed road is to be constructed, and each

county into which or through which it is intended to pass, and its length, as near as may be. Such subscriber to such articles of association shall state his place of residence, and the number of shares taken by him in such company."

2. "That the articles of association thus formed shall be filed in the office of the secretary of state," &c. 1 R. S. pp. 409, 410.

The complaint, it is insisted, is defective on four grounds, to-wit—

1. It does not show a subscription of stock, and an election of directors, preliminary to the construction of the articles of association.

2. The articles themselves do not set forth the names of the directors.

3. Nor do they show distinctly the name of the place from which the proposed road is to be constructed.

4. It is not shown when, where, and how the demand for the payment of the installments, assessed by the directors, was made.

As we have seen, the statute says that, whenever stock to at least 50,000 dollars, &c., shall have been subscribed, the subscribers shall elect directors, &c., and shall severally subscribe articles of association, &c., which articles shall set forth the number of directors, and their names, &c. This seems to contemplate certain steps to be taken by the subscribers, before they construct the articles of association; but it seems to us that a substantial compliance with the statute is sufficient. If, in the proceeding to organize such company, from its commencement to its completion, all the requirements of the statute have been observed, though not in the order which it prescribes, such organization may, in our opinion, be deemed sufficient. *The Covington, &c., Plankroad Co.* v. *Moore,* 3 Ind. R. 510. Here the directors are not named in the articles of association; but it appears that they were elected at a meeting of the subscribers, after the stock was subscribed, and the articles were constructed; and further, at the same meeting at which they were elected, the same articles of association

were expressly adopted by the subscribers. Indeed, all the requirements of the statute have, in this instance, been literally pursued, save that of naming the directors in the articles of association, and that, it seems to us, has, in effect, been done by the adoption of the articles when the directors were elected. At all events, the requirement that they be named in the articles, may be held merely directory, and not, in view of the facts stated in the complaint, essential to the validity of the corporation. Moreover, there is an authority which, in effect, decides that the fact of an illegal election of directors cannot be set up in resistance of the payment of stock, but would be a case for a *quo warranto,* to oust the illegally elected directors. *The Newcastle, &c., Turnpike Co.* v. *Bell,* 8 Blackf. 584. See, also, *The Covington, &c., Plankroad Co.* v. *Moore, supra*; *The Western Plankroad Co.* v. *Stockton,* 7 Ind. R. 500.

The third ground of objection to the complaint, viz., that the articles of association do not show, distinctly, the name of the place from which the proposed road is to be constructed, is untenable; because the statute simply requires the name of such place to be set forth. This must be done with a reasonable degree of certainty. In our opinion, the articles on their face, show that this requirement of the statute has been properly complied with. And in reference to the fourth objection to the complaint, we will simply refer to *Smith* v. *The Indiana, &c., Railway Co.,* 12 Ind. R. 61, where it was held that, in a suit upon a subscription of stock to recover installments regularly assessed in accordance with the terms of the subscription, the subscriber is not entitled to notice of the assessment, or the time and place of payment, before suit; that the contract to pay by installments is, in such case, a promise to pay on demand, and the demand involved in the commencement of the suit, is alone sufficient. See, also, 6 Ind. R. 297.—10 *id.* 499.

Defendant's answer to the complaint contains five paragraphs. To the first, there was a demurrer sustained, but no exception was taken; hence the action of the Court in

Nov. Term,
1859.

EAKRIGHT
v.
THE LOGANS-
PORT, &C.,
RAILRO'D Co.

sustaining the demurrer, is not properly before us. To the other paragraphs, there was a general denial. The second alleges "That at the time the defendant made the subscription, a random line of the contemplated railroad had been run, which passed through a corner of his land, situate on the north side of *Eel* river, which land adjoined the town of *Mount Vernon*, in *Miami* county; that said line ran parallel with said river, and one mile distant therefrom; that defendant resides on said land, and was anxious for the construction of a railroad running on the north side of that river, and through or near his land; that he was induced to sign the subscription by the agents of the contemplated road, who represented to him, and caused him to believe, that said random line, so run, would be the permanent line of the road; or if the same should be changed, that it would, in any and every event, run north of said river, and near to the town of *Mount Vernon*, against which defendant's land abuts. And he avers that the consideration of his subscription was the location of said road north of *Eel* river, agreeably to the agents' representations. And, further, he avers that the company, since their organization, located their road south of *Eel* river, at least two miles from his land, which location defeats the whole object of the defendant in making the subscription." The third, fourth, and fifth paragraphs make no point in the case, and will not, therefore, be further noticed.

Verdict for the plaintiff, upon which the Court, having refused a new trial, rendered judgment, &c.

The record shows that the defendant, upon the calling of the cause, and before he answered the complaint, demanded an inspection of the writing sued on, alleged to have been subscribed by him; but his demand was refused and he excepted.

We are referred to § 80 of the practice act, which says: "The party shall, in all cases, have inspection of the instrument of writing in suit, before pleading." 2 R. S. p. 44. But this rule can only apply, where the instrument is in possession of the opposite party, or under his control. Here, the articles of association subscribed by the defend-

Nov. Term,
1859.

EAKRIGHT
v.
THE LOGANS-
PORT, &c.,
RAILRO'D CO.

ant, and sued on in this case, are on file in the office of the secretary of state, and, consequently, could not be produced by the plaintiffs upon the demand in question. There is no error in this branch of the case.

At the proper time, the defendant moved thus to instruct the jury: "If the subscription was obtained under the inducements and representations stated in the second paragraph of the answer, and the company have not located their road in conformity with such representations, but, on the contrary, have so located it as wholly to defeat the object of the defendant in subscribing, and in direct opposition to the representations on which the subscription was obtained, the jury should find for the defendant."

This instruction the Court refused, and the defendant excepted.

Upon the inquiry thus presented, a late writer on railroad law says, that "a provision as to the location, so as to be binding on the company, and render the subscription conditional, must be inserted in the agreement;" that "a subscriber cannot defend a suit for calls by parol proof that he should not have become a party to the agreement unless he had supposed a particular route would have been adopted;" and that "the representations of a class of officers with whom the power of location is not lodged, will not bind the company." And "even the representations of those who have such power, are mere matters of opinion on which he has no right to rely." Pierce on Am. Railr. Law, 72, 73.

This exposition is supported by authority, and has been followed by this Court. *Clem* v. *The Newcastle, &c., Railroad Co.*, 9 Ind. R. 488.— *The New Albany, &c., Railroad Co.* v. *Fields*, 10 *id.* 187.

In the case before us, the subscription being absolute on its face, verbal proof of the facts alleged in the second defense, should not be allowed to bar the action; because, according to the legal effect of the instrument which the defendant subscribed, the entire consideration for his promise was four shares of stock in the company, and consequently, the representations of the agents must be held

mere expressions of opinion, upon which the defendant had no right to rely. *The New Albany, &c., Railroad Co. v. Pickens*, 5 Ind. R. 247.—*Russell* v. *Branham*, 8 Blackf. 277.—*Starr* v. *Bennett*, 5 Hill, 303.

The Court, in its refusal of the instruction, committed no error. And we think the verdict is right on the evidence.

*Per Curiam.*—The judgment is affirmed with 5 per cent. damages and costs.

*N. O. Ross* and *D. D. Pratt*, for the appellant.