IN THE

# SUPREME COURT OF TENNESSEE

FOR THE

## WESTERN DIVISION.

### JACKSON, APRIL TERM, 1905.

HARRIS L. BROWN *v.* ·FORD N. TAYLOR.

## (*Jackson.* April Term, 1905.)

1. **COVENANTS AGAINST INCUMBRANCES.** Action for breach, notwithstanding covenantee's actual knowledge thereof.

The covenantee may maintain an action at law for the breach of a covenant against incumbrances contained in a deed of conveyance of land, where there was an unexpired lease upon the premises, although he had actual knowledge of such lease. (*Post, pp.* 4-8.)

Case cited and approved: Perkins v. Williams, 5 Cold., 512.

2. **SAME.** Breach does not entitle covenantee to counsel fees as damages.

The covenant against incumbrances contained in a deed of conveyance of land breached by the existence of an unexpired lease on the premises does not entitle the covenantee to recover as damages counsel fees incurred in the misdirected action to evict the lessee prior to the expiration of his term. (*Post, p.* 8.)

Case cited and approved: Williams v. Burg, 9 Lea, 455.

Brown v. Taylor.

3. **SAME.** Breach does not entitle covenantee to special damages, where it is not the essential or proximate cause of such damages.

The fact that a purchaser of land disclosed to his vendor that his purpose in buying the same was to make subdivision thereof does not entitle him to special damages for a breach of the vendor's covenant against incumbrances on the ground that such breach prevented the purchaser from obtaining possession of a portion of the land covered by an unexpired lease during the existence thereof, where the breach of the covenant was not the essential cause of preventing the opening of the land for subdivision, for the reason that streets upon which the subdivision was to front had not been formally opened to the public, and could not have been so opened until after the expiration of the lease. (*Post*, *pp.* 8-11.)

4. **SAME.** Damages for breach by existence of unexpired lease is ordinarily the rental value thereof.

The covenant against incumbrances contained in a deed of conveyance of land breached by the existence of an unexpired lease on the premises, in the absence of circumstances authorizing the recovery of special damages, entitles the covenantee to the rental value of the premises during the existence or currency of the lease as damages or compensation for such breach of the covenant against incumbrances. (*Post*, *pp.* 8-11.)

FROM SHELBY.

Appeal from the Circuit Court of Shelby County.— J. S. GALLOWAY, Judge.

Brown v. Taylor.

R. G. BROWN, for plaintiff.

FLIPPIN & NEUHARDT, for defendant.

MR. JUSTICE MCALISTER delivered the opinion of the Court.

The plaintiff below, Harris L. Brown, recovered judgment against the defendant, Ford N. Taylor, for the sum of $92.65, as damages for breach of covenant against incumbrances contained in a deed for the sale of land. Both sides appealed and have assigned errors.

The cause was heard by the circuit judge, without the aid of a jury, upon evidence which is practically undisputed. The record reveals that on the 29th of February, 1904, Ford N. Taylor and wife conveyed to Harris L. Brown, by deed duly executed and recorded, a tract of land in the suburbs of Memphis, for which Brown agreed to pay the sum of $5,600, whereof $1,400 was paid in cash, and notes executed for the balance of the purchase money, due in one, two, and three years, with interest from date. The deed contained the usual covenants and warranties that the premises were free from incumbrances and that the grantors would forever defend the same against all lawful claims whatever.

It is disclosed by the record that the property was purchased by Brown for the purpose of making a subdivision, and it was agreed that, upon certain cash

payments being made, any portion of the property desired would be released from the operation of the trust deed executed to secure the deferred payments.

It further appears that at the date of the deed there was an incumbrance on the land, consisting of an outstanding lease, with ten months to run before its expiration. It was contended on behalf of Taylor that Brown had actual knowledge of the incumbrance, and that the lessee thereby became his own tenant. It is shown that Taylor, the vendor, before executing the conveyance, stated to the agent who was negotiating the contract of sale that there was a gardener on the land who had a lease until such time as he could get his crop gathered for that year, probably some time in September or October, and that he desired this gardener to be protected. It is further shown that this agent, before the deed was executed or title examined, communicated to Brown the fact that there was a gardener on the place and Taylor wanted him protected, and that this gardener was at the time paying as rental the sum of $7.50 per month. Brown replied that he did not know about the $7.50 per month, but supposed the matter could be arranged in some way. Plaintiff below now seeks to recover damages for breach of the covenant against incumbrances, upon the facts stated in regard to the existence of an outstanding lease on the premises. It is denied on behalf of Taylor that Brown is entitled to any recovery, for the reason that he accepted a deed with full knowledge of this incumbrance,

and that he must look to the tenant for his protection.
Counsel for defendant cites in support of his conten-
tion Ballard's Law of Real Property, vol. 6, sec. 142,
in which the rule is thus stated: "Where the grantee
in a conveyance of lands in fee simple which contains a
covenant against incumbrances, and before execution
and delivery of the deed, has actual knowledge of the
existence of a lease made between grantor in said con-
veyance and a tenant, the tenant being in actual pos-
session of the premises, the grantee cannot maintain
against his grantor an action for breach of covenant"
—citing *Demars* v. *Kochler,* 60 N. J. Law, 314, 38 Atl.,
808. In the last case the court said: "There can exist
no question in law that an outstanding term of an
unexpired lease on the premises conveyed is an incum-
brance, within the covenant against incumbrances con-
tained in the deed of conveyance. *Fritz* v. *Pusey,* 31
Minn., 368, 18 N. W., 94; *Jarvis* v. *Buttrick,* 1 Metc.
(Mass.), 480; *Batchelder* v. *Sturgis,* 3 Cush., 201;
*Carter* v. *Denmans' Ex.,* 23 N. J. Law, 261-272; *Grice*
v. *Scarborough,* 2 Spears, 649, 42 Am. Dec., 391; Mau-
pin on Real Estate, p. 293, sec. 125."

While this rule is undoubtedly supported by highly
respectable authority, it is not in our view the sound
rule, and is not sanctioned by the weight of authority.
The true rule has thus been formulated in the Cyclo-
pedia of Law and Procedure, vol. 11, p. 1066, as fol-
lows: "Knowledge on the part of the purchaser of the
existence of incumbrances on the land will not prevent

him from recovering damages on account of it, where he protects himself by proper covenants in his deed"— that is to say, we may add, a covenant against incumbrances. The author cites in support of the text cases from twenty-three states of the union, including the case of *Perkins* v. *Williams,* 5 Cold. (Tenn.), 512. In the last case cited, decided by this court in 1868, it was held that covenant of seisin embraces a defect of title, constituting want of seisin to covenant, although such defect of title was known to covenantee at the time of the making of the covenant. Knowledge by covenant or of such a defect will not bar his action at law for breach of covenant"—citing American notes to *Wallam* v. *Hearn,* 2 Leading Equity Cases; also, Rawle on Covenants, c. 13. It is true that the matter involved in the last case was an alleged breach of covenant of seisin, and it was held that, while equity would not lend its aid to rescind a covenant of seisin, although the covenantor be insolvent, where it appears that the covenantee knew of the defect of title at the time he took the conveyance, in such a case the party will be left to such remedy as he can obtain at law for breach of the contract. Rawle, in the second edition of his valuable work on Covenants of Title (page 149), states the law to the same effect as follows: "In a case where there are known incumbrances of any kind on property, subject to which purchaser agrees to take, these should, for the vendor's protection, be especially and expressly excepted from the covenant, as otherwise the fact of their

being known to the purchaser will, according to the weight of authority, be no bar to his recovery upon it." So, in a case in Connecticut, it was said: "How can plaintiff's knowledge destroy the effect of defendants' covenant? Suppose defendants had sold a farm, which they and the purchaser knew they did not own, could that knowledge destroy or affect the covenant of seisin? If not, by what rule can such knowledge impair a covenant of warranty against incumbrances? Such evidence might probably be excluded on two grounds: One, because of its immateriality, and the other, under the rule that parol evidence is not admissible to control or contradict the effect of written instruments." Rawle on Covenants, p. 157. Again, on page 152, Mr. Rawle says: "It has, moreover, been said that the fact of the purchaser having notice of the incumbrance is the very reason for his taking covenant within whose scope it is included, and that the vendor may be expected to discharge it out of the purchase money. For all these reasons, therefore, whenever the contract is that the purchaser takes the land *cum onere,* the incumbrances should be expressly excepted in the deed from the operation of the covenant, in which case, of course, the covenantor will not be liable."

The general rule is that the right of action on covenant against incumbrances arises upon evidences of an incumbrance, irrespective of any knowledge on the part of grantee, or of any eviction of him, or of any actual injury it has occasioned him. 2 Greenleaf on Ev., sec.

242; 2 Washburn on Real Property, sec. 717. So, that it is clear upon authorities plaintiff below was entitled to maintain his action at law for breach of covenant against incumbrances, notwithstanding his actual knowledge of the unexpired lease upon the premises.

The remaining question that arises is in respect of the proper rule for admeasurement of damages. The trial judge adopted as a measure of the damages the rental value of said property for the unexpired term at $8 per month. He also allowed counsel fees, amounting to $10, incurred by Brown in a misdirected action before a justice of the peace to evict the lessee from the premises. It was admitted on all hands that the lessee was rightfully in possession of the premises, and of course, the purchaser, Brown, had no right to evict him until the expiration of his term. It may be remarked there was no authority for the allowance of counsel fees in such a case; but, on the contrary, in *Williams* v. *Burg,* 9 Lea, 455, it was expressly decided by this court that counsel fees are not taxed as costs, nor regulated as to amount by law in this State, and that sums paid therefor by the covenantee for defense in ejectment by adverse claimant are not recoverable from covenantor. This principle is conclusive of any allowance for counsel fees in this case.

Recurring to the question made touching the measure of damages, it is insisted on behalf of counsel for Brown that, when he purchased this land, he disclosed to his grantor that his purpose in buying the land was to make

Brown v. Taylor.

division, and the proof of the record establishes this contention. It further appears that, by reason of the existence of this outstanding lease, the purchaser was prevented from acquiring immediate possession of the premises; but it does not appear that this fact prevented a subdivision of the premises. On the contrary, it distinctly appears that the streets upon which this subdivision was to front, although dedicated to the public, had not been formally opened, and could not have been opened up to and including the time of the expiration of this lease. The contention on behalf of Brown is that, having thus been deprived of immediate possession of his premises, he should be entitled to recover at least the interest he was paying on the deferred payments, and should not be confined to the rental value of the premises. Plaintiff invokes the familiar rule that, when a contract is made under special circumstances and those circumstances are communicated by one party to another, the damages resulting from breach of contract, which they would reasonably contemplate, constitute the true measure for the assessment of damages, citing 13 Cyc. of Law and Procedure, p. 34. We are unable to concur in this contention, for the obvious reason that it does not appear from this record that the breach of covenant against incumbrances was the essential cause of preventing the opening of this land for subdivision; but, on the contrary, it appears that, if the plaintiff, Brown, had obtained immediate possession of the premises, subdivision could not have been made on account

of unopened streets until after the expiration of the term of this lease. Hence, it does not appear that special damages, claimed by Brown to have been within the contemplation of the parties, in fact resulted as a proximate consequence of the breach of covenant. Hence, the facts herein stated do not present a case for the application of the rule invoked, but for the ordinary rule which obtains in such cases, namely, the rental value of the property during the period purchaser was kept out of possession. As stated in the Cyclopedia of Law and Procedure, in speaking of a covenant against incumbrances, that being a covenant of indemnity, the general rule for the measure of damages in actions for its breach, by reason of an incumbrance existing upon the property at the time of the sale, is the loss actually sustained by the covenantee, with interest. Damages, costs, and expenses, when given as a penalty for breach of covenant, mean the necessary, natural, and proximate damages resulting from such known performances, and not some remote accidental or special injury to the party to whom the right of action accrues. The author further says that, in an action for breach of covenant against incumbrances, if the incumbrance has inflicted no actual injury to plaintiff, and he has paid nothing towards removing or extinguishing it, he can only recover nominal damages. Where incumbrance is removed by the grantor without expense or trouble to grantee, the latter can recover only nominal

Brown v. Taylor.

damages—citing volume 11, pp. 1164, 1165; *Eagan* v. *Yeaman* (Tenn. Ch., 1897), 46 S. W., 1012.

We are constrained to hold, upon the facts disclosed in this record, that the plaintiff has sustained actual damages in being deprived of immediate possession of the premises; but in view of all the facts, it is adjudged that he is only entitled to recover rental value of the property during the currency of the lease as compensation for the breach of covenant against incumbrances. As modified herein, the judgment is affirmed.