## J. C. KNAPP v. THOMAS R. FOLEY AND ANOTHER.[1]

July 5, 1918.

No. 20,961.

**Former decision law of the case.**

1. A former decision in this action is followed and applied as the law of the case.

[1]Reported in 168 N. W. 183.

**Covenant of seisin — damages for breach.**

2. The damages which a remote covenantee is entitled to recover for the breach of the grantor's covenant of seisin, where there is a partial failure of title, is the value of the property to which the title failed, not exceeding the consideration paid for the whole.

**Same — notice of defect.**

3. Knowledge of the defect in the title in such case does not defeat the right of recovery by the remote grantee.

After the former appeal reported in 126 Minn. 14, 147 N. W. 670, the case was tried before McClenahan, J., who made findings and ordered judgment in favor of plaintiff for $5,400. The motion of defendants for additional findings was granted in part and denied in part and plaintiff's motion for additional findings was denied. Defendants' motion for a new trial was denied. From the judgment entered pursuant to the order for judgment, defendants appealed. Affirmed.

*Washburn, Bailey & Mitchell,* for appellants.

*Warner E. Whipple, Frank E. Randall* and *Charles C. Teare,* for respondent.

BROWN, C. J.

This action was originally brought by William H. Allis to recover damages for the breach of the covenants of seisin in a deed of real property executed by defendant to his predecessor in title, to whose rights Allis had succeeded. Several other persons, including Knapp, the present plaintiff, were subsequently made parties to the action as claimants, but on the trial of the action Allis, and all others so made parties, except Knapp, were eliminated from the case as having no legal claim to the damages, and the second trial proceeded with Knapp as sole plaintiff and claimant. A former appeal, following the first trial, is reported in 126 Minn. 14, 147 N. W. 670, to which reference is made for a full and clear statement of the facts out of which the action arose. On the second trial plaintiff's damages were assessed at the sum of $5,400, for which judgment was duly rendered and defendants appealed.

The facts as disclosed by the findings of the trial court are the same as on the former appeal, and the decision then rendered constitutes the law of the case. Substantially every question now presented by the

record was disposed of by the former opinion, and the rule controlling the court in such case will not permit of a reconsideration of the points thus decided. It was there held that Knapp has succeeded to the rights of all prior grantees of the premises, and was entitled to recover whatever damage resulted from the breach of defendants' convenant of scisin. The only question, therefore, on this appeal is whether damage resulted to Knapp from the failure of title to a part of the land, and, if so, whether the trial court adopted the proper rule in ascertaining the amount thereof. Both questions are answered in the affirmative.

Defendants owned a tract of land bordering on and south of the right of way of the Northern Pacific Railway Company in the village of Aitkin. They constructed thereon a large hotel building, the main part of which extended over and upon the right of way of the railroad company. They subsequently sold the property to one Babcock, and the description thereof as inserted in the deed, which was by metes and bounds, included 50 by 125 feet of the right of way on which the main part of the hotel was so constructed. By the same description Babcock conveyed to Hinck; Hinck mortgaged the property to the trust company, and subsequently conveyed to Allis subject to the mortgage. The mortgage was foreclosed and Knapp purchased the sheriff's certificate of sale, and thereby became the owner of the property, no redemption having been made. In a suit in the Federal court by the railroad company against Allis the title of the railroad company to the part of the land on which the building stood was sustained, and thus the title to the part of the property so included in right of way failed. Defendants were notified of that suit, and thus afforded an opportunity to defend the same but they did not do so. Formal judgment was rendered therein confirming the rights of the railroad company.

The trial court found that Knapp paid $9,000 for the sheriff's certificate of foreclosure, and that the value of that part of the property which was made up of the right of way, as to which the title failed, was 60 per cent of the whole, and adopted that as the proper basis of Knapp's damage. Judgment was therefore ordered in his favor for $5,400. That Knapp was damaged to that extent seems beyond controversy. The title acquired through the foreclosure failed to the extent of 60 per cent of its value, and the loss thus suffered, measured by the presence of the

building, is the proper measure of his relief. The case comes within the rule applied in Kimball v. Bryant, 25 Minn. 496, and other similar cases cited in 1 Notes on Minn. Reports, 1230, and still others found in our former decision. Defendants' contention, based on the claim that there has been no eviction in fact, the possession being retained under a lease from the railway company, that the measure of damages should be the value of the land to which the title failed, without the building, is not in harmony with the rule as applied by the authorities cited.

It is immaterial that Knapp subsequently sold the property at an advance of $1,000. Defendants can claim no benefit from that profit, and in no proper view can it be applied in reduction of damages suffered in consequence of their fault. Nor does it matter that Knapp knew of the defect in the title at the time he purchased the foreclosure certificate. The right of action against defendants upon their convenant, as held on the former appeal, was a part of the mortgage security, and passed as a vested right to Knapp, with the foreclosure title. Brown v. Taylor, 115 Tenn. 1, 88 S. W. 933, 4 L.R.A.(N.S.) 309, 112 Am. St. 811. The fact, therefore, that he was at the time aware of the defect in the title does not deprive him of the right to recover.

The trial court found that the building as it stands upon the right of way was not involved in the suit brought by the railroad company against Allis, and that it could be moved back upon the part of the land to which the title did not fail at an expense of about $5,000. The court did not, however, deem those facts material, and did not take them into account in fixing the damages. In this the court was right. Whether the building be moved or not the fact remains that the title to the right of way which was conveyed by defendants failed, and neither the grantee nor his successor in interest could be compelled as a matter of law to accept a less quantity of land, and in addition thereto incur a large removal expense for the benefit of defendants. For the same reason the fact that the railroad company has leased the right of way upon which the building stands to Knapp's successor in interest can have no relevancy to the issue in the case. The damage suffered is the loss of title to the major part of the land attempted to be conveyed, and the fact that the real owner thereof is willing to part with its right of possession by lease in no proper view lessens the loss to Knapp.

This covers the case and all that need be said in disposing of the points made by appellants. That there was an e'viction by the judgment in the Federal court was held when the case was here before and is no longer an open question. Defendants were given the opportunity to defend that suit and they failed to do so. If there was any neglect in failing to interpose therein a claim for the value of the building as it stood on the right of way, under our occupying claimant's statute, it was their fault, and not the fault of Allis, defendant in the suit.

Judgment affirmed.