J. M. Hughes *v.* W. H. Herbert, *et al.*

*(Nashville.* December Term, 1928.)

Opinion filed May 27 1929.

KINNEY & WILLS, for complainant, appellant.

BOND & LYLE, for defendant, appellees.

MR. JUSTICE COOK delivered the opinion of the Court.

This cause is before us upon petition for *certiorari.* It involves a controversy between the vendor and vendee of realty as to who is liable for subsequent installments of the drainage tax. The assessment was made under chapter 63, Acts of 1915, and amendatory Acts carried into Shannon's Code, section 3871, *et seq.,* to which reference is made for convenience.

After providing classification for the several tracts of land in the Improvement District, the Act provides for an assessment upon each tract (Shannon's Code, Sec.

3871a62) and the county court is required to fix the dates within which the assessments shall be collected. (Shannon's Code, Sec. 3871a13).

The landowner may, under section 3871a108, pay the assessment in full, or at his option pay it according to installments fixed by order of the Court. The assessment is a lien upon the land and of course subject to the warranty against encumbrances in the deed if not provided for by independent agreement. 19 C. J., p. 751.

November 2, 1920, Herbert and wife bargained the land consisting of ninety-three acres, situated in the drainage district, to Hughes, who agreed to pay $4250 for it and certain personal property. The deed was prepared by C. P. Pipkin, a brother-in-law of Hughes, and was not delivered until March 17, 1922. The consideration stated in the deed is $2000, but all the parties agree that the amount shown is less than the agreed consideration for the land. Complainant testified that the price paid for the land was $3750. Defendants testified that Hughes agreed to pay $3750 for the land and assume all future installments for the drainage tax. The defendants paid all installments of the drainage tax due at the time the deed was delivered. Future installments of $51.73 a year ran from 1923 to 1935.

Complainant, exercising the option given by section 3871a108, Shannon's Code, paid the subsequent installments of the tax, and alleging that they constituted an encumbrance covered by covenants of the deed, sued Herbert upon the alleged breach for the aggregate installments amounting to $620.47. The chancellor gave a decree for past-due installments only. The Court of Appeals reversed the chancellor. The Court concurred with the chancellor in holding parol evidence admissible to show the true consideration, but held him in error in

refusing to sustain the defendants' insistence that com-plainant agreed to pay the unmatured special assessments. The court, however, said it was not necessary to take up in detail the conflicting testimony, because *Duke* v. *Manness,* 2 App. Rep., 267, was conclusive of the case, and the determination was rested upon the proposition of law announced in *Duke* v. *Manness.* The authorities seem to be contrary to the conclusion reached in that case. A special assessment which constitutes a lien upon the land at the time of the conveyance is within the meaning of a covenant against encumbrances. 7 R. C. L., 1138; 27 R. C. L., 506; 15 C. J., 1274; 19 C. J., 751; *Craig* v. *Summers,* 15 L. R. A., 236, Note II; *Fritz* v. *O'Brien Land Co.,* 43 L. R. A. (N. S.), 56.

█ In the absence of a special covenant against encumbrances by special assessments, parol evidence was admissible to show that promise to pay future installments entered into the contract as an inducement to the sale. The deed was only the execution of the contract, and the understanding that induced its execution, which after all, is controlling, may be shown by parol proof. *Harris* v. *Morgan,* 7 S. W. (2d), 53; *McGannon* v. *Farrell,* 141 Tenn., 631; *Caughron* v. *Stinespring,* 132 Tenn., 644; *Barnes* v. *Gregory,* 1 Head, 237; *Whitby* v. *Whitby,* 4 Sneed, 479.

█ In *Whitby* v. *Whitby,* the Court said: "We think it clear that the consideration is not to be regarded in construing the statute (of frauds) as part of the contract, but merely as an inducement to it. And therefore no principle is violated by the admission of parol evidence of the consideration."

We have carefully considered the conflicting evidence and concur with the Court of Appeals that it preponderates in favor of the insistence of defendants that com-

plainant understood that the general warranty against encumbrance would not relieve him of payments of the unmatured installments of the drainage tax and that he agreed to pay them annually when due.

We, therefore, concur in the result reached by the Court of Appeals and deny the writ.