## C. C. BROWN v. J. M. WALKER et al.

Western Section. March 31, 1932.

Petition for Certiorari denied by Supreme Court, July 2, 1932.

C. L. Neely and C. B. Tipton, of Memphis, for appellant.
Adams, Donelson & Pope, of Memphis, for appellees.

OWEN, J. C. C. Brown, the complainant, filed a bill against J. M. Walker and wife, Mittie Walker, alleging that a certain con-

tract, wherein real estate in Shelby county was exchanged between Brown and Walker, had been breached. Brown sought to recover damages for the breach of the covenant in the deed from Walker to Brown, which covenant was against encumbrances. Walker and wife had conveyed to the complainant a tract of about 400 acres of land, near Brunswick, Tennessee. The encumbrances against said tract of land .consisted of certain drainage taxes or assessments on said tract of land conveyed by Walker and wife to the complainant.

There was a demurrer to the bill, which was overruled. The defendants, by answer, insisted that the complainant knew of the drainage tax liens, and he agreed to take said premises subject to the tax liens. It was also insisted that the proximate cause of complainant's loss was his default in the payment of his own obligations, he having failed to take care of certain payments which he had agreed to pay, and which were secured by the tract of land; that the complainant was not evicted by reason of the tax liens on said premises, and he had not satisfied the same by the payment thereof, but the trust deed, which the complainant had obligated to pay, had been foreclosed by the Bank of Commerce & Trust Company as trustee; that this indebtedness the complainant failed to pay and discharge was certain deferred purchase money notes which were owned by one, W. E. Biggs, and that the trustee had foreclosed the trust the complainant was obligated to satisfy.

The Chancellor held that the defendant failed to carry the burden of proof as to complainant assuming said drainage taxes, but he did hold that, "Brown, the complainant, did not clear the land of the encumbrance by paying the assessment, nor was he disturbed in his possession because of non-payment of it; but he lost the property by reason of his default in the payment of the $600 interest installment."

Complainant was decreed nominal damages, and the defendants were taxed with the cost. The complainant excepted, prayed and perfected an appeal, and has assigned two errors:

"(1) The court erred in holding that Brown was only entitled to recover nominal damages.

"(2) The court erred in failing to hold that the receipt by Walker of the whole proceeds of the trust deed. his acceptance of Brown's land, and his failure, after being notified of the foreclosure and knowing the validity of the taxes, estopped him from setting up any defense."

Complainant insists:

(1) There was a breach of covenant which did enable complainant to recover more than nominal damages.

(2) There was an estoppel on Walker's part.

We find that on April 24, 1928, the complainant and the defendant agreed to exchange certain real estate. It was agreed that Walker, the defendant, would convey to the complainant, two tracts of land aggregating 403½ acres, which land was near Loosahatchie River, a small stream, and the lands of Walker conveyed to the complainant, near Brunswick, a village in Shelby county, Tennessee. Walker placed a valuation on his land of $30,000. The complainant conveyed to Walker a tract of 23 acres near Raleigh in said county, on which a valuation for trading there was placed $15,000. This 23 acres was mortgaged for the sum of $6,300, and had been appraised for the purpose of borrowing by appraisers for the Building & Loan Association at $8,780. Warranty deeds were exchanged between complainant and defendant, each deed reciting that the conveyance was made in consideration of $10 and other good and valuable consideration. Walker assumed to pay all outstanding indebtedness as shown by trust deeds on the land that Brown conveyed to Walker. Brown was to mortgage the 400 acres conveyed to him by Walker for $15,000, and pay the proceeds of the mortgage to Walker. He was also to execute a second mortgage in Walker's favor for $5000 due in one year. He was to assign certain notes of the value of $650 to Walker. Walker was to retain the possession of said lands during the year 1928, and allow Brown a credit of $1650 for the rent thereof. He was also to pay Brown $1,000 in cash. The contract provided that Walker was to pay the taxes on the land conveyed to Brown for the year 1928.

It appears from the proof that Brown failed to secure $15,000 as first mortgage on said property, but he executed two mortgages for $10,000 each, and delivered the notes secured thereby to Walker. It appears that Walker transferred the notes which were secured by the lands that he had conveyed to Brown to one Earl Biggs. Biggs foreclosed his trust deed which had been executed by Brown about May 1, 1929. Brown had defaulted in the payment of $600, which was the annual interest on each of the mortgages.

It appears that 285 acres of the tract conveyed by Walker to Brown was in a drainage district of Shelby county, and was subject to drainage taxes from 1920 to 1940. There were two installments of drainage taxes past due when Walker conveyed the land to Brown. These drainage installments were $464.55 for each year. It appears that when Walker conveyed his lands to Brown there was quite a bit of discussion about the drainage taxes. Walker advised Brown that there was a test law suit being tried at the time, that the drainage taxes were in litigation, that the property owners were contending that the drainage assessment was void.

Walker testified that he agreed to pay the drainage installments up to and including that due for the year 1928, if it was finally determined that the assessment was valid; that it was understood and agreed that Brown was to pay the installments maturing after the year 1928. Brown testified that Walker told him about the pending litigation in regard to the validity of drainage taxes, but that Walker informed Brown that the lands, embraced in said drainage district, were on the opposite side of Loosahatchie river to the lands that Brown was purchasing, and that Walker informed Brown that the lands that he was purchasing from Walker were not in a drainage district.

We are of the opinion that Brown was mistaken as to not knowing the lands were in the drainage district. Abstracts of title were submitted to Brown and his attorney, Mr. Marshall. They examined or had presented to them for examination an abstract of tax liens, prepared by the Bluff City Abstract Company; and this abstract of tax liens showed no state and county taxes delinquent, but showed drainage taxes delinquent and showed that 285 acres of the lands conveyed by Walker to Brown were subject to drainage taxes.

We are of the opinion that both of these parties were so impressed with the litigation pending, whereby an attempt was made to defeat the drainage taxes of that district, that neither party was very much impressed with the encumbrance of drainage taxes on the lands.

The complainant testified that he made a sale of the Walker lands on December 25, 1928 to one, Earl Gooch, at the price of $32,500, that Gooch assumed the payment of the $20,000 outstanding, represented by trust deeds, and all accrued interest, and executed a series of notes amounting to $12,500 payable to bearer for the balance. The complainant and his wife executed a warranty deed as to seizin, but not against encumbrances to Gooch.

Gooch testified that when Brown delivered the deed to him that he went into possession and put tenants on the place, but he learned from some negroes, who lived on the place or on the adjoining place, that the land conveyed to him by Brown and from Walker to Brown was subject to drainage taxes. The deed from Brown to Gooch and the trust deed from Gooch to Brown appear to have been acknowledged on the 25th day of December, 1928, but neither instrument was filed for registration. About two months after the date of the deed from Brown to Gooch, Gooch notified Brown that he had declined to go ahead with the deal because of the drainage taxes. Brown, thereupon, took up the matter of drainage taxes with Walker. Walker denied liability for any taxes subsequent to the year 1928. Biggs had proceeded to foreclose his trust deed

for the nonpayment of the $600 interest. Biggs purchased the property at his foreclosure sale. Brown had been duly notified of the foreclosure proceedings. He testified that he was unable to pay the $600 interest installment, he didn't have the money with which to pay the same, neither did he have the money with which to pay the drainage assessment. The defendant insists that the sale from complainant to Gooch was not bona-fide. Gooch testified that he bought the farm for the purpose of raising hogs. Gooch had been adjudged a bankrupt in July, 1928, but had received his discharge.

It appears that not only was $600 of the mortgage indebtedness past due at the time of the foreclosure, but $5000 of the principal and $600 of interest, both of which were due about the time of the foreclosure, May 1, 1929. Gooch testified that according to his best judgment, he would have been able to carry out his contract with Brown; however, he did not show any financial ability.

The Chancellor held that the defendant failed to establish by clear, cogent and convincing evidence that Brown assumed to pay all subsequent taxes after the year 1928; that Walker's evidence, asserting a parol contract whereby Brown assumed the taxes subsequent to 1928, was not sufficient to overcome the written instrument.

The Chancellor further held that as Brown did not clear the land of the encumbrance by paying the assessment, nor was he disturbed in his possession by nonpayment of it, but lost the property by reason of his default of the $600 interest installment, he was only entitled to nominal damages.

We are of the opinion that the defendant is not estopped and that the doctrine of estoppel is not applicable to the facts of this case.

In Perkins v. Williams, 45 Tenn., 512 (5 Cold.), it was held that breach of the covenant of seizin did not entitle the covenantee to come into equity, rescind the sale and bar collection of the purchase money.

"It cannot be tolerated that the party shall make the purchase, execute his note for the price, receive a deed of conveyance and obtain possession, and forthwith turn around, invoke and obtain the aid of equity to rescind the trade, cancel the debt, and annul his note, even though the vendor be insolvent. In such case the vendee will be left to such remedy as he can obtain at law, by action for breach of the covenant."

In Egan v. Yeaman (Tenn. Ch. App.), 46 S. W., 1015, the court held:

"The law seems to be well settled in this State that a purchaser of land, after a deed made to him, and possession taken under it,

is not entitled to a rescission of the trade, or to resist payment of the purchase money, so long as he remains in possession, in the absence of fraud, unless the vendor is insolvent.''

"The defendant was not disturbed in his possession of the property. No one sought to evict him, and no one sought to enforce any of the alleged liens existing against the property. In such case the weight of authority seems to be that the purchaser can only recover nominal damages against his vendor for a breach of his covenant to remove encumbrances. Bundy v. Ridenour, 13 Ind., 406; Morehouse v. Heath, 99 Ind., 509. Other authorities hold that in such case only nominal damages are recoverable, unless the grantee has to pay off the encumbrances.''

In the case of Robinson v. Bierce, 102 Tenn., 428, 52 S. W., 992, Bierce sold Robinson a piece of property on which certain taxes were a lien, showing him an agreement as to the taxes with Bierce's grantor. Bierce gave Robinson a covenant against encumbrances, and later Robinson tried to sell the property but the objection was made that the taxes were liens on the property. Robinson then paid off the taxes and sued Bierce.

The court said:

"Complainants insist, however, that under covenants against encumbrances, the authorities in Tennessee hold that a vendee may yield to a superior title or pay off an encumbrance or judgment or lien on the land, and sue for breach of the covenants without eviction.''

and citing Kenny v. Norton, 10 Heisk., 388, which holds:

"that purchaser could pay off encumbrance fastened upon the land. 'It must as a matter of course be a valid, subsisting encumbrance fixed on the land, and on which the party would be compelled either to discharge or have enforced against the land, and which was paramount to his own title, and by law would override it.' ''

The court denied Robinson's relief as the tax suits had been on the property for a long time and were unenforceable.

In Brown v. Taylor, 115 Tenn., 1, 88 S. W., 933, the court said at page 10:

"The author further says in an action for breach of covenant against encumbrances, if the encumbrance has inflicted no actual injury to plaintiff, and he has paid nothing toward removing or extinguishing it, he can only recover nominal damages.''

In Kenney v. Norton, 57 Tenn., 384, at page 388, the court said:

"The discharge of an encumbrance fastened upon the land was stated as the rule in Stipe v. Stipe, 2 Head., 171, to be an

eviction pro tanto, though the question was not definitely settled in that case. That principle has been denied in unreported cases by us, and we think the principle sound. It must, as a matter of course, be a valid, subsisting encumbrance fixed on the land and one which the party would be compelled either to discharge or have enforced against the land, and which was paramount to his own title, and by law would override it.''

In Morrow v. Baird, 114 Tenn., 558, 86 S. W., 1079, the court said:

''The question is whether an intermediate vendor, who has been forced to discharge his liability to his vendee evicted by paramount title, may maintain an action against his vendor for rembursement.''

And quoting from Rawl on Covenants of Title, Sec. 215:

''It may therefore be considered as settled in accordance with principle and authority that where one has parted with his interest in land he parts also with all right to or control over the covenants which run with it; and he can only regain that right over them by being made liable upon his own covenants and satisfying that liability.''

We are of the opinion that the special assessments for drainage on the lands conveyed by Walker to Brown falls within a meaning of Walker's covenant against encumbrances. Hughes v. Herbert, 159 Tenn., 187, 17 S. W. (2d), 16; Sanders v. Brown, 65 Ark., 498, 47 S. W., 461; Brown v. Taylor, 115 Tenn., 1, 88 S. W., 933.

Brown owed Walker no duty of paying these drainage encumbrances, and the existence of the drainage assessments against the land conveyed by Walker to Brown was a breach of covenant against encumbrances. Brown had a right of action against Walker for the encumbrance remaining undischarged unenforced, but until Brown paid or discharged the encumbrance, it is but a technical breach and Brown would be entitled to nominal damages. Simon v. Williams, 154 Miss., 854, 44 A. L. R., 411; North v. Brittian, 154 Tenn., 661, 291 S. W., 1071, 61 A. L. R., 69.

Brown having failed to discharge the encumbrance and in having been evicted from the premises on account of the encumbrance, he can recover only nominal damages for the breach.

It results that the assignments of error are overruled and disallowed. The judgment of the lower court is affirmed. The complainant will pay the costs of the appeal for which execution will issue against him, he having appealed on the pauper's oath. The costs of the lower court will be paid by the defendant as decreed by the Chancellor.

Heiskell and Senter, JJ., concur.